## GEORGE W. B. YOUNG v. SAMPSON C. YOUNG.

Where an agreement is to the effect that "for no consideration," the obligor
undertakes, &c., the obligee may prove a consideration by parol, at all events
where the terms of the obligation, taken in connection with the evidence,
shows a deliberate, premeditated design on the part of the obligor, to de-
fraud, impose upon and overreach the obligee.

Appeal from Titus.    Tried below before the Hon. William
S. Todd.

Suit by appellee against appellant, alleging that plaintiff
and defendant, being the joint owners of two tracts of land,
one for 320 acres and the other for 160 acres, agreed to divide
the same, by defendant taking the 320 acre tract, and
defendant the 160 acre tract, with the further stipulation that
defendant should pay plaintiff $160 in cash, and assist plain-
tiff to make certain improvements on a tract of plaintiff near
by, and allow plaintiff the use of an eight acre field on the 320
acre tract for four years.    Plaintiff alleged that defendant
had refused to assist him to make the improvements, and had
refused to allow him the use of the eight acre field; and
claimed damages.

Defendant denied all and singular ; and denied that the
agreement as to the assisting in making the improvements, or
for the use of the eight acre field, was any part of the agree-
ment for the division of the land, and denied that defendant
had received any consideration for said undertaking.

The facts appeared to be, that plaintiff and defendant had
come to terms for the division of the lands, by plaintiff taking
the 160 acre tract, and defendant taking the 320 acre tract,
and paying the plaintiff $160 ; that plaintiff's wife objected to
the division in such terms, and then defendant agreed to the

further stipulations as above; that deeds were exchanged for the two tracts ; defendant paid plaintiff the $160 ; and signed an agreement to the effect that "for no consideration," he undertook, &c,, the further stipulations as aforesaid. When this agreement, which has been prepared by defendant, was read to plaintiff, he said he did not understand that expression "for no consideration." Defendant said it was for no consideration. After jowering about it, in the language of the witnesses, for sometime, the agreement was signed. Defendant refused afterwards to perform the agreement, and expressed himself several times to the effect that owing to the expression "for no consideration," he did not consider himself bound by the agreement. Plaintiff proved the damages, and had a verdict and judgment.

*S. H. Morgan*, for appellant.

*W. H. Johnson*, for appellee.

WHEELER, J. The insertion in the agreement, of the words "for no consideration," is significant of a fraudulent purpose on the part of the defendant in preparing the agreement; and taken in connexion with the evidence, sufficiently shows a deliberate, premeditated design to deceive, impose upon and overreach the plaintiff ; that the defendant purposely induced the belief on the part of the plaintiff that he would abide by and perform his agreement, when he was providing the means to evade and avoid its performance. The evidence of fraud upon the face of the instrument itself, was sufficient to let in parol proof that, in fact, there was a good consideration, notwithstanding the expression to the contrary, and to entitle the plaintiff to prove the real transaction and facts of the case. It is plainly enough to be gathered from the evidence, that it was a part of the contract respecting the division of the land, and was to be taken and considered as a component part of

the one and the same transaction and contract; and it was supported by a good and sufficient consideration arising out of that contract. The plaintiff was well entitled to recover upon it, and there is no error in the judgment.

Judgment affirmed.