Appellant was convicted of assault with intent to murder, and given two years' confinement in the penitentiary, from which conviction he prosecutes this appeal. It appears from the record that appellant shot at one Edwards, missed him, and killed one Black. Appellant was tried and convicted of the murder of Black. He was then placed on trial under this indictment for an assault with intent to kill and murder Edwards. He attempted to plead in bar of this prosecution the judgment of conviction for the murder of Black. If the plea had been in proper form, containing what the law requires, it would have been a good plea in bar to the prosecution for this assault to murder, because everything that was done by the defendant, all of the unlawful intents and purposes which went to make up a case of assault to murder, were utilized in the murder case. The State excepted *Page 157 
to the sufficiency of the plea, and the court sustained the exception. It is well settled that a plea of former conviction or acquittal must contain the indictment, the verdict of the jury, and the judgment of the court. This record does not contain the indictment, nor the conviction and judgment, and there was no error in sustaining the demurrer to the plea. When Sustained by the court, the record contains no application or request to amend or prepare and file a good plea. This record, as above stated, does not contain in any part thereof the indictment nor the Judgment in the murder case, and we cannot determine from this record whether the conviction was had upon a valid indictment, or whether judgment was ever rendered upon that conviction. The application to continue was made by the appellant and overruled, and he excepted, reserving his bill of exceptions. The indictment in this case was filed in March, 1894. The assault was charged to have been committed on the 13th day of March, same year. The case was called for trial March 20, 1895. Three days after the shooting, appellant was arrested. This application fails to show whether it was the first or a subsequent application. In the condition in which we find this record, this was necessary. This being the case, we are of the opinion that there was no error in overruling the application. Quite a number of persons were present at the shooting, it occurring at a dance. By the absent witnesses appellant proposed to prove that Edwards, the prosecutor, not only had a pistol, but was attempting to use it. It is strange, indeed, if this be so, that Edwards did not use his pistol. He was shot at five times, and made no effort to use it, except, as testified by appellant, placing his hand upon it, when there was nothing whatever to prevent his using it in the most deadly manner. If Edwards in fact had a pistol, — which is very doubtful, under the circumstances of this case, — he would have certainly shot the defendant, or shot at him, but no witness ever gets the pistol out of his pocket. We are of the opinion that no intelligent and honest jury would ever believe from the evidence of this case that Edwards had a pistol. Again, the diligence in this case was not sufficient. See opinion in cause No. 1,196 just decided, Washington v. State, ante p. 154, from Bowie County. Appellant moved for a new trial on the ground of newly discovered evidence, and attaches in support thereof the affidavit of Mollie Gant. This woman, by affidavit, swears that after Edwards fell, being wounded by one of the shots from appellant's pistol, she saw a pistol in his pocket, and that it was taken from his person by one Gray. Mollie Gant was a witness in attendance upon the court. The case against appellant for the murder of Black had been tried a few days before this trial. The nature of this case rendered it of the first importance to ascertain whether Edwards had a pistol or not. That was a very material issue in the case. It was very natural that counsel for the appellant should have questioned the woman, Gant, as to this fact. They of course knew the necessity of such proof. The circumstances demanded that they question her in regard to whether Edwards had a pistol or not, and the least degree of diligence would have, if this be true, *Page 158 
secured this testimony. We think there was a great want of diligence in regard to this matter, and there was no error in overruling motion for a new trial. In addition to this, a witness other than appellant or his brother swore that he saw the pistol. This newly discovered testimony is therefore cumulative. The evidence of this case establishes the guilt of appellant beyond any question. The judgment is affirmed.
Affirmed.