JOHN BENSON v. THE STATE.

No. 3738.   Decided January 30, 1907.

Rehearing March 18, 1908.

**1.—Local Option—Former Conviction—Pleadings.**

Where the former acquittal or conviction in another case is set up, the plea, to be sufficient, must contain the indictment, verdict and judgment under former trial, or in a misdemeanor, the information and complaint; and where upon trial for local option, the plea of form conviction did not comply with these requisites, it was properly stricken out on motion of the State as defective.

**2.—Same—Statement of Facts—Certiorari—Interpolation—Twenty-Day Order—Practice on Appeal.**

Where upon appeal from a conviction of a violation of the local option law, a statement of facts was sent up in answer to a requested certiorari, and confirmed the contention of appellant that interpolations had been made therein, and at this state of the contest, counsel for the State filed a motion to strike out the statement of facts on the ground that notwithstanding same appeared to have been filed as of in term time, that it was nevertheless filed after adjournment and the expiration of a twenty-day order, and the Court of Criminal Appeals after hearing testimony on this issue found the motion to strike out to be sustained. Held, that the statement of facts was filed too late and the motion for rehearing and certiorari was overruled.

Appeal from the County Court of Johnson.   Tried below before the Hon J. D. Goldsmith.

Appeal from a conviction of a violation of the local option law; penalty a fine of $25, and twenty days confinement in the county jail.

The opinion states the case.

*H. P. Brown* and *A. S. Bledsoe,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited cases in opinion.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail; hence this appeal.

There is but one bill of exceptions in the record, and that is to the action of the court in striking out appellant's plea of former conviction. Said plea is as follows: "Because in case number 7301, wherein

the State of Texas was plaintiff and John Benson was defendant, the defendant was therein charged by indictment with the same offense with which he is now and here charged and being tried, that is with making an illegal sale of intoxicating liquors to the same R. R. French. That in said case pending in this court a jury was empaneled, indictment read, defendant pleaded not guilty, and was legally tried and convicted of said offense and a judgment of conviction duly entered against him, a copy of which judgment, is made a part hereof, marked Exhibit 'A.' That though said sales were and are charged to have been made on different dates, that upon said trial the same evidence was relied on to sustain a conviction as herein charged, and that the offense was the same, the same facts and the same defendant. That all the proceedings had in said case fully appear on the dockets of this court and are herewith presented for the inspection of the court." It will be seen from this that neither the complaint nor the information is set out as an exhibit to the plea, or made a part thereof. While the plea sets out that a copy of the judgment of conviction marked Exhibit "A" is made a part thereof, we find no exhibit in the record of said judgment; same does not appear in connection with the record. Bill of exceptions shows that the motion of the county attorney to strike out said plea was granted, and same was stricken out, and the court refused to hear any evidence in support of same, and refused to submit said plea to go to the jury for their consideration. It has been held that where the proceedings were in the same case that it was not necessary to set out a formal plea; that the court would take judicial cognizance of what had been done in the same case in the same court. See Robinson v. State, 21 Texas Crim. App., 160, and Foster v. State, 25 Texas Crim. App., 543. But it is held that where the former acquittal or conviction is set up in another case, the plea, to be sufficient, must contain the indictment, verdict and judgment on the former trial, or in a misdemeanor the information and complaint. See Washington v. State, 35 Texas Crim. Rep., 156, and Shubert v. State, 21 Texas Crim. App., 551. It is further held, that where the plea is not good on its face, or where it is defective, and exception is taken and sustained to same, that the action of the court is proper, and no evidence can be adduced in support of same. See Pickens v. State, 9 Texas Crim. App., 270, and Alexander v. State, 21 Texas Crim. App., 406. Under the authorities in this State, the plea presented were defective, and the court did not err in striking out same. Appellant took no leave to amend, and consequently he cannot complain. We have examined the record carefully, and the evidence is sufficient to sustain the verdict, and the judgment is affirmed.

*Affirmed.*

ON REHEARING.

March 18, 1908.

BROOKS, JUDGE.—Appellant was convicted in the County Court of Johnson County on a charge of selling intoxicating liquors in violation of the local option law.

The term of court at which he was convicted, adjourned by operation of law on the 3rd day of March, 1906. The statement of facts appears in the record to have been filed on the day court adjourned. The judgment of conviction was affirmed by this court in an opinion by Judge Henderson delivered on January 30, 1907. A motion for rehearing and certiorari was filed by appellant, in which, for the first time, it was suggested that all the orders, judgments and decrees, putting local option in force in Johnson County were interpolated in the statement of facts; that the statement of facts, as prepared originally, contained in place of the full orders as they appear in same as originally brought to this court, the words, "Here insert records." The original statement of facts sent up in answer to the requested certiorari, fully confirms the contention of the appellant that these orders putting local option in force in Johnson County, were copied in the statement of facts after it was filed. In this state of the contest, counsel for the State filed a motion to strike out the statement of facts on the ground that notwithstanding same appears and bears the file mark on the record of being filed as of in term time, that in truth such statement of facts was filed much more than twenty days after adjournment of the term of court at which appellant was convicted. On this issue of fact made by the State's motion, much testimony was taken and several witnesses introduced whose evidence was taken down and preserved under the direction of this court.

Mr. O. L. Bishop, county clerk of Johnson County, testified, in substance, that it was in Johnson County a very general practice to file statements of facts after the adjournment of court and after the expiration of the twenty days allowed by order of the court in which to file statements of facts; that he was unable to say in this case whether the statement of facts was filed after the expiration of the time allowed by law or not.

Messrs. W. B. Featherstone and A. S. Bledsoe, both testified, with some positiveness, that the statement of facts was filed in term time, though, as we conceive, neither of them gave any very definite or conclusive reasons for their recollection, which, however seems to be distinct and bears every evidence of having been honestly stated. On the other hand, Mr. J. B. Haynes, who was then assistant county attorney of Johnson County, testifies, with the utmost positiveness, that the statement of facts was filed long after the expiration of the twenty days allowed by the court within which a statement of facts might be filed, though we find in the record no very definite data on which he bases his statement. However, the testimony of Mr. Mason Cleveland, and Mr. J. E. Warren—the first county attorney of Johnson County at that time, and the latter his assistant—both testified to such facts and named such circumstances, and gave such reasons as to make it certain that the statement of facts was filed long after the expiration of the twenty-day order and leaves this court without discretion in the matter if we are to assume that they are worthy of belief.

Mr. Warren testified, as follows: "In the trial of the case, Mr. French was the only witness for the State and the only witness that testified in the case, and Mr. Benson was running a business there, and the man I had known all my life was in partnership with him, and they brought in a statement of facts. I think brought them to the county attorney's office sometime before twenty days had lapsed. That is, they brought testimony to this man French, and in that 'here insert record testimony' at the bottom of his testimony. And there was something said at the time that those papers were brought in the office about filing the record testimony with that, completing statement of facts, and they left them there and they were put in top drawer of Mr. Cleveland's desk and they stayed—I do not know—a month and a half, may be longer than that in that desk, and we discussed it there in the office pretty thoroughly about whether we, Mr. Cleveland, would make them go to the expense of writing that or not and the men insisted it was not any use, mere matter of form, etc. But after this went in without any record testimony being in statement of facts. I remember this conversation in the office, in which Mr. Cleveland said to Mr. Haynes and myself, that 'we are safe on these cases anyhow, because they have come in here and asked to file statement of facts back, and in case they raise that other point we can hold them on the proposition that they were filed out of season,' and they remained there, it seems to me a month and a half or two months, and were finally taken down by the clerk."

Mason Cleveland, county attorney, testifies among other things: "My wife was sick and I could not attend court at the time these cases were tried; my wife was confined at the time; baby was born on the 23rd of March. These statements of facts were in the office when I got back to the office, and when I discovered them in the office I looked them over to see what condition the record was in, and I discovered that in preparing statements of facts they had put this statement, 'the clerk will here copy orders of the commissioners court.' Well, my recollection was, this court had already decided this was error and could not be done, and I knew it at the time, and I know Mr. Haynes discussed with Mr. Benson the matter of not agreeing to statement of facts in that condition, and when they did agree to it, I called Mr. Warren's attention to the fact that the twenty days had expired and if they did raise the question of the statement of facts being in that shape we would have statement of facts stricken out on account of the time expired. I know this to be facts."

The court is naturally under some embarrassment in passing on a question of fact in respect to a detail of a matter of practice arising in the court below, and would have been very glad to have been relieved of the difficulty of so doing. There is nothing in the record to indicate that the county attorney and his assistant are not as truthful and candid as other counsel, and, as stated, their testimony by such circumstances and details as admit of no doubt, and of a character, fix the

date of filing conclusively, as far beyond the expiration of the twenty day order, that if we have any respect for it, we must hold, as we do, that the statement of facts was filed after the adjournment of the court, and after the expiration of the twenty days allowed by law for the filing of the statement of facts.

Being prohibited, therefore, from considering the statement of facts, it must follow, the indictment being good, that we cannot intervene or interfere and arrest and set aside the judgment of the court below. It is therefore, ordered that the motion for rehearing and certiorari be overruled.

*Overruled.*