## OLLIE LINDLEY v. THE STATE.

No. 118.   Decided November 24, 1909.

**1.—Local Option—Plea of Former Conviction.**

Upon appeal from a conviction of a violation of the local option law, where it appeared that there was no special plea contained in the record, this matter could not be considered under the objection that the court failed to submit defendant's special instructions thereon.

**2.—Same—Final Judgment—Appeal Pending.**

Where, upon appeal from a conviction of a violation of the local option law, the record did not show that the judgment of conviction pleaded in bar was a final judgment, or whether an appeal had been taken therein or a motion for a new trial therein granted, the complaint that the court below failed to submit said plea to the jury, as requested, could not be considered.

**3.—Same—Submission of Plea, When.**

Where no evidence has been introduced in support of a plea of former conviction, or where the judgment relied on in bar is no defense, the court is not required to submit such plea to the jury.

Appeal from the County Court of Titus. Tried below before the Hon. W. E. Riddle.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $35 and twenty days confinement in the county jail.

Vol. LVII. Crim.—20.

The opinion states the case.

*Rolston & Ward,* for appellant.—On question of special plea of former conviction: Taylor v. State, 4 Texas Crim. App., 40; Wright v. State, 27 Texas Crim. App., 447; Alexander v. State, 53 Texas Crim. Rep., 553, 110 S. W. Rep., 918.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant prosecutes this appeal from a conviction had in the County Court of Titus County on March 9th, of this year, wherein he was convicted of unlawfully selling intoxicating liquors in violation of the local option law.

The sole question presented, in different forms, is that the judgment ought not to be sustained for the reason that the court erred in refusing appellant's special instruction touching his plea of former conviction, and that the verdict of the jury is insufficient in that it does not dispose of such plea. These contentions cannot be sustained, among other things, for the following reasons, first, there is no special plea contained in the record, and we cannot assume that such a plea was interposed as would have required a submission of this issue to the jury. In the next place, the record does not show that the judgment of conviction, pleaded in bar in this case, was a final judgment, or whether an appeal had been taken therein or a motion for new trial therein granted. While article 750 of the Code of Criminal Procedure, requires and provides that where a special plea is interposed, that the jury must in their verdict say whether matters therein alleged are true or untrue, it has been uniformly held that where no evidence has been introduced in support of such plea, the court is neither required nor is it its duty to submit such plea to the jury. Johnson v. State, 34 Texas Crim. Rep., 115; Grisham v. State, 19 Texas, 504. We think also it must be held that where, under the conceded facts, the judgment relied on in bar is no defense, that the evidence and plea of former conviction may be wholly disregarded. Of course, where a special plea is interposed and there is any evidence, or any view of the evidence under which such special plea would constitute a bar, it should be submitted. As stated, in this case it does not appear by any evidence whether judgment relied on was or not final. In the case of Dupree v. State, 56 Texas Crim. Rep., 562, 120 S. W., 871, it was held that the trial court would take judicial notice of a conviction there which, if final, would be available as former conviction, and of the fact that an appeal therefrom is pending. As stated, in this case there is no evidence at all as to whether a motion for new trial was yet pending, whether an appeal had been prosecuted, or whether the judgment was in full force and unsatisfied. As pre-

sented in the record before us we think the point made is not available as a defense.

Finding no error in the record the judgment is in all things affirmed.

*Affirmed.*

Brooks, Judge, absent.