## Tom Dunn v. The State.

No. 5869. Decided October 20, 1920.

1.—Murder—Jury and Jury Law—Verdict.

Where upon appeal from a conviction of murder the record disclosed that, after the jury had been empanelled and the trial had proceeded for some time, one of the jurors was excused with the consent of the defendant and the case thereafter went to its final conclusion with only eleven jurors who rendered a verdict, all of the proceedings including the verdict itself was a nullity, and the judgment must be reversed and the cause remanded.

2.—Same—Rule Stated—Twelve Jurors.

A jury in a felony case must consist of twelve jurors and the defendant cannot waive his right to be tried by a jury of twelve men. Following Jones v. State, 52 Texas Crim. Rep., 303, and other cases.

Appeal from the District Court of Coryell. Tried below before the Honorable J. H. Arnold.

Appeal from a conviction of murder; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*Eidson, McClellan & McClellan,* for appellant.—On question of jury and jury law: Stell v. State, 14 Texas Crim. App., 59, and cases cited in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of murder and given twenty-five years in the penitentiary.

A bill of exceptions discloses that after the jury had been empaneled and the trial had proceeded for some time, one of the jurors was excused with the consent of the defendant, and the case thereafter went to its final conclusion with only eleven jurors. As thus constituted, a verdict was rendered, and all the proceedings had up to the rendition of the verdict, including the verdict itself, before the eleven jurors. This constitutes fatal error and necessitates a reversal. The question has been often before the court, and a number of opinions have been written, all to the same effect, that a jury thus trying a case is not a legal or constitutional jury, and, therefore, incapable of trying a party, and it is immaterial that the defendant waives his right to be tried by twelve jurors and consented to be tried by eleven. Without discussing the matter we refer to cases in point which review the identical question, all holding that such verdict cannot stand: Jones v. State, 52 Texas Crim, Rep., 303; Stell v. State, 14 Texas Crim. App., 59; Lott v. State, 18 Texas Crim. App., 627; Jester v. State, 26 Texas Crim. App., 369; McCampbell v. State, 37 Texas Crim. Rep., 607; Ex parte Reynolds, 35 Texas Crim. Rep., 437, 34 S. W. Rep., 120; Ex parte Ogle, 61 S. W. Rep., 122. These cases have discussed the matter on both statutory and constitutional grounds. The clauses of the law, both constitutional and statutory, are mentioned and the reasons are quoted and discussed. All of the decisions reach the conclusion that a jury must consist of twelve jurors, and that defendant cannot waive his right to be tried by a jury of twelve men. In fact, the statute provides that defendant may waive any right except a trial by jury. A jury, by the terms of the Constitution. consists of twelve men. The defendant cannot waive this.

There are some other questions suggested, but these matters may not arise as set forth in the record upon another trial and are not discussed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*