### TOM DUNN v. THE STATE.

#### No. 6353.    Decided April 12, 1922.

#### Rehearing Denied June 23, 1922.

**1.—Murder—Former Jeopardy—Practice in District Court—Reversal.**

Where, upon trial of murder, the defendant interposed the plea of former jeopardy, alleging that he had heretofore been tried before a jury of eleven men, that the court excused one of the jurors on said trial because of the sickness of his child, and that by agreement of the attorneys, without the special consent of the defendant tried the case before the eleven remaining jurors, and in striking out the plea of former jeopardy, the court certified in the bill of exceptions, that appellant was convicted at said former trial, that the case was appealed and reversed, and now stood again for trial; held, that there was no error in this action of the court, and there was no reversible error. Distinguishing Hipple v. State, 80 Texas Crim. Rep., 531.

**2.—Same—Former Jeopardy—Record of the Trial Court—Judicial Knowledge.**

We are not without authority on the proposition that, even relative to a plea of jeopardy, the trial court may take judicial knowledge of those

things disclosed by the record of his own court, and in the instant case, the trial judge had the right to take judicial knowledge of the fact that defendant was convicted before a jury of eleven men; that he appealed; that his case was reversed and then stood again for trial.

### 3.—Same—Judicial Knowledge—Record of Trial Court—Waiver.

The trial court in the instant case had a right to take judicial knowledge of the matters disclosed, where the records of his own court would have authorized a peremptory instruction against appellant on his plea of former jeopardy, and there was no error in striking out the same and not submitting the plea to the jury. Besides, jeopardy is a plea of personal privilege and can be and was waived by the accused.

### 4.—Same—Evidence—Bill of Exception—Husband and Wife—Cross-Examination.

Where the bill of exceptions nowhere undertakes to point out in what particular the cross-examination of defendant's wife infringed upon the rule, and nowhere pertinently directs this court's attention to any particular question which was objectionable, the same is insufficient on appeal; besides, the bill was objectionable for being in question and answer form. Following Jetty v. State, 90 Texas Crim. Rep., 346, and other cases.

### 5.—Same—Charge of Court—Requested Charge—Manslaughter.

Where the court fully instructed the jury upon the question of manslaughter, and the requested charge was not in proper form there was no error in refusing the latter.

### 6.—Same—Threats—Charge of Court—Requested Charge—Rule Stated.

Where, upon trial of murder, there was no evidence that threats were made by deceased at the time of the homicide, and the requested charge assumed that former threats had been conveyed to the defendant, there was no error in refusing the requested charge on this phase of the case.

### 7.—Same—Evidence—Threats—Not too Remote.

Upon trial of murder there was no error in permitting the State to introduce evidence that prior to the marriage of deceased to appellant's daughter the witnesses had heard appellant make threats that if they married, appellant would kill deceased, and this testimony was not too remote when taken in connection with other facts.

### 8.—Same—Communicated Threats—General Reputation—Self-Defense.

Where, upon trial of murder, the defendant introduced evidence of communicated threats by deceased against defendant and his family, and raised the issue of self-defense, the court properly permitted the State to introduce evidence that the general reputation of deceased, as a peaceable and law-abiding citizen, was good.

### 9.—Same—Charge of Court—Weight of Evidence.

Where defendant's requested charge was upon the weight of the evidence, the trial court properly refused to submit the same.

### 10.—Same—Evidence—Relative Size of Parties.

Under the facts of the instant case, the State had a right to prove the relative size, weight and age of appellant and deceased,

**11.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence sustained the conviction, there was no reversible error.

**12.—Same—Rehearing—Former Jeopardy—Practice in Trial Court—Insufficient Plea.**

Where defendant's plea of former jeopardy, wherein he stated that he was tried by a jury of eleven men, failed to allege the result of the trial, the same was insufficient, and properly stricken out upon motion by the State. To have been legally sufficient, said plea should have further set forth that a conviction or acquittal was had, or, that the result of the trial was in some way a mistrial.

**13.—Same—Pleas of Former Jeopardy—Rule Stated—Acquittal—Conviction.**

Jeopardy and the pleas of autrefois convict and acquit, while akin, are not the same; the difference between jeopardy and the pleas of autrefois convict and autrefois acquit is the important distinction that the former presupposes a discharge of the jury without verdict, while the latter presupposes a verdict rendered. Following Grisham v. State, 19 Texas Crim. App., 514, and other cases.

**14.—Same—Pleading—Former Jeopardy.**

Another reason for requiring an allegation of the result of the trial on which is predicated the supposed jeopardy, is, that if the plea allege that by said eleven jurors, a verdict of conviction was rendered, the proper inquiry at once arises, was the judgment reversed on appeal, or set aside by the trial court. As a verdict of guilty in a felony case by eleven jurors is void and may be set aside at the request of the accused, who cannot, thereafter, interpose a plea of jeopardy. Following Thompson v. State, 9 Texas Crim. App., 649, and other cases.

**15.—Same—Verdict of Acquittal—Rule Stated—Constitutional Law.**

If said cause proceeded to a verdict, and an acquittal was had, the legal aspect of the supposed jeopardy would have been entirely different from that dependent upon conviction, under Section 14, Bill of Rights, etc.

**16.—Same—Acquittal or Conviction—Rule Stated—Pleading.**

If appellant did not seek to bar his present prosecution upon the ground of either former acquittal or former conviction, but upon some character of mistrial, his plea to be legally sufficient must have stated how or in what manner this question arose. To say that he was tried before eleven jurors states nothing constituting jeopardy.

**17.—Same—Submission of Plea of Jeopardy—No Facts Authorizing.**

This court does not think that in the instant case there was any issue of fact raised by said plea of jeopardy, even if same had fully stated the facts of the former trial and its result, which required a submission of the plea to the jury; the trial court having judicial knowledge of the facts shown by the records of its court, showing that the judgment had been reversed and the cause remanded, and that it stood again for trial, properly struck out the plea of jeopardy.

**18.—Same—Attitude of Defendant—Plea of Jeopardy—Discharge of Jury.**

Where a juror was discharged by the court, with consent of attorneys of both parties, and tried below by the remaining eleven jurors, and the

personal attitude of defendant towards these proceedings, is not set out in said plea, the same is insufficient, nor can defendant place this case or its proper disposal in the attitude of a case wherein the jury was then discharged. Distinguishing Chadwick v. State, 86 Texas Crim. Rep., 259, 216 S. W. Rep., 397, and other cases.

### 19.—Same—Case Stated—Jeopardy—No Jeopardy Shown.

No authority is cited, nor can be found, we believe, holding that one who thus consents, to be tried before eleven jurors, and upon conviction asks and obtains a reversal or a new trial, can successfully plead in bar of another trial, jeopardy, based upon any part of an illegal trial which proceeds to such judgment of conviction; and where the plea, on its face, or aided by the record facts judicially known to the court, fails to make out legal jeopardy, such plea may be stricken from the record. Following Sinco v. State, 9 Texas Crim. App., 350, and other cases.

Appeal from the District Court of Coryell. Tried below before the Honorable J. B. Keith.

Appeal from a conviction of murder, penalty, sixty-five years imprisonment in the penitentiary.

· It appears from the record in the transcript that the indictment was found in Hamilton County, that the venue of the case was changed to Coryell County, and that the court required the defendant to plead to the indictment before the venue was changed; and he pleaded not guilty and that this was the same indictment upon which the defendant was tried in the instant case and that he pleaded not guilty in Coryell County in the first trial after the jury was sworn. It further appeared that when this cause in this instant appeal was called for trial in Coryell County, again, the defendant in open court refused to plead guilty or not guilty, and that the court directed that the plea of not guilty as charged in the indictment be entered for said defendant upon the minutes of the court, which was done, and thereupon a jury, etc., was empaneled and sworn, who having heard the indictment read and the said plea of not guilty thereto, etc., returned a verdict in the instant case assessing defendant's punishment at sixty-five years in the penitentiary, from which this appeal is taken. The plea of former jeopardy having been stricken out, and not submitted to the jury.

*Clay McClellan*, and *A. R. Eidson*, for appellant.—On question of duty of court to submit plea to jury: Chadwick v. State, 216 S. W. Rep., 357; Torres v. State, 238 S. W. Rep., 928, and cases cited in opinion.

On question of void verdict before eleven jurors: Ogle v. State, 63 S. W. Rep., 1009; Huey v. State, 227 id., 186; Crisp v. State, 220 id., 1104; and cases cited in opinion.

*R. H. Hamilton*, Assistant Attorney General, for the State. Cited cases in opinion.

HAWKINS, JUDGE.—Conviction was for murder, punishment being assessed at sixty-five years confinement in the penitentiary.

This case has been before the court on two former occasions; opinions will be found reported in 85 Texas Crim. Rep., 299 and 88 Texas Crim. Rep., 21.

When the case was called for the instant trial appellant interposed a plea of former jeopardy, in which he substantialy avers that he was put upon trial in this case on the 26th of January, 1920. He alleges that a jury was impaneled and sworn, after which his plea proceeds as follows:

"Thereupon the court announced that it stood adjourned until 1:30 o'clock P. M. and directed all of the parties to be in court at that time. That before the jury left the courtroom, one of the jurors, viz: Paul Cross, stated to the court that he did not want to serve on the jury; that he had an excuse. The court asked him what his excuse was, and he said he had a sick child, and the court told him that he should have interposed his excuse at the time the court called for excuses from the jurors and that it was too late now for the court to entertain his excuse, and the court declined to hear the excuse of the juror or to entertain the same, and directed the Sheriff to take charge of the jury and have them back in court at 1:30 P. M. When the court reconvened at 1:30 P. M., a deputy sheriff who was in charge of the jury announced to the court that he had received a telephone message informing him that the juror Cross had a sick child, and the juror wanted to be excused. The court asked the attorneys what they wanted to do about the matter, and the attorneys for the defendant said that they were willing to excuse the juror. The defendant did not say anything and was not asked if he consented for the juror to be excused or not. The court conducted no investigation and made no inquiry in reference to the seriousness of the illness of the child except to hear what the deputy sheriff had to say about the matter, and excused the juror Cross and the trial proceeded before the eleven remaining jurors. The Juror Cross was himself neither sick nor otherwise incapacitated, but was able to proceed with the trial of the case. That after the juror Cross was excused, the district attorney and the lawyers for the defendant tried to agree on another juror, but were unable to do so, and then the parties agreed to try the case before the eleven remaining jurors and the case was tried before said eleven remaining jurors."

All averments were made necesary to show the trial in the instant case was upon the same indictment and for the same offense as that for which he was tried in January, 1920. No answer was filed by the State joining issue with appellant on the facts set up in his plea, but a general demurrer thereto was filed, and the trial judge refused to entertain the plea of jeopardy, evidently justifying his action from a knowledge of the records in the case, for he explains the bill

by certifying that the case was tried, appellant convicted; that the case was appealed and reversed and then stood again for trial. Under he authority of Hipple v. State, 80 Texas Crim. Rep., 531, 191 S. W. Rep., 1150 it may be conceded that the plea of jeopardy was good as against a general exception. It is the general rule in this State, well ..upported by authority, that a plea of jeorpardy, being sufficient in law, raises an issue of fact which should be submitted to the jury for its determination. Appellant contends that he has brought himself within that rule and that the court should have submitted his plea of jeopardy in the instant trial. His contention should be sustained unless the record shows this as an exception to the rule. If facts exist disclosed from the record of the court trying this case which if shown by the State in answer to the plea of jeopardy would have authorized the court to instruct the jury that the plea should not be considered by them, then would the trial judge have a right to take judicial knowledge of those matters so disclosed by the records of his own court which would have that effect? We are not without authority on the proposition that even relative to a plea of jeopardy the trial court may take judicial knowledge of those things disclosed by the record of his own court. Miller v. State, 242 S. W. Rep., 1040 No. 6287 (opinion delivered February 22, 1922, and not yet reported), is authority for that proposition and Johnson v. State, 29 Ark., 31; State v. Bowen, 16 Kan. 475, and the other authorities cited in the Miller opinion also support it. See also State v. White, 71 Kan., 356, also reported in 6 American and English Anno. Cases, 132, and authorities collated under notes in last citation. In Woodward v. State, 42 Texas Crim. Rep., 188, the question was raised that the plea of former jeopardy interposed was not sufficient because it failed to set out the indictment, verdict and judgment in full. In passing upon that question this court used the following language:

"It is not necessary in this case that the plea set up the indictment, verdict and judgment in full, as the court must take judicial knowledge of the orders and decrees entered in its own court; and especially is this true when those orders and decrees were made in the case then on trial."

Assuming this to be a correct proposition of law, and that the court in the instant case could look to its own records, of what facts could the court take judicial knowledge? Appellant's plea asserts that after the juror in question was excused that "the parties" agreed to continue the trial with eleven jurors. The trial judge knew from the records of his court that such trial proceeded and resulted in the conviction of appellant; that an appeal had been taken from such judgment of conviction; that the judgment had been reversed and the cause remanded for a new trial, and was then upon call in obedience to the order of this court. We have a right to look to the records of our own court to fix the identity of the cases, and we find from an

inspection of the record in the case of Dunn v. State, reported in the 88 Texas Crim. Rep., at page 21, that the numbers are the same, and that it is the identical case now before us, and was reversed and remanded because the same appeared to have been tried before eleven jurors. The opinion recites that "one juror was excused *with the consent of appellant.*" When we look to the bill of exceptions in that record we find the error assigned based upon the excuse of the identical juror named in appellant's plea of former jeopardy. There is no question about the correctness of the opinion reversing the case upon that trial because even with defendant's consent a trial cannot be had in a felony case with less than twelve jurors, but we may look to the record in that case in connection with the instant bill of exception in order to determine the action of the trial judge in not submitting the plea of jeopardy. That the plea of jeopardy is a personal privilege and can be waived by accused is well established. See Corpus Juris, Volume 16, Sec. 489, and notes under decisions in 6 American and English Anno. Cases, 132. This rule has been recognized many times in this State where juries have been discharged by agreement of accused on trial, and it is not necessary to cite further authority upon this proposition. Jeopardy attached in the instant case when the jury was impanelled and appellant pleaded to the indictment. Jeopardy was as complete at the time the juror Cross was excused as when the plea was interposed by appellant upon the call of the case for the instant trial. After the juror was excused it appears from the plea itself that an effort was made to agree upon another juror and having failed in this, that "*the parties*" agreed to proceed with the trial before eleven jurors. Appellant was present and cognizant of these proceedings and was evidently taking his chances upon an acquittal at the hands of the eleven jurors, relying doubtless upon Article 20, C. C. P. that a verdict of acquittal, though irregular, would protect him, or that the state having agreed to proceed with the trial with eleven jurors would not disregard the agreement whatever might be the result. Being disappointed at the verdict of the jury he appealed from the judgment of conviction, secured a reversal, and now for the first time seeks to interpose his plea of jeopardy, having remained silent when objection could have been urged to proceeding with the trial after the excuse of the juror Cross. The waiver of jeopardy does not have to be direct but may be implied which is most frequently the case than otherwise. Corpus Juris, Volume 16, Sec. 489; 17 Cyc. 605. We are of opinion that the subsequent proceedings after the juror was excused was a waiver of the question of jeopardy. We cannot escape the conclusion that if the state had joined issue with appellant on his plea and the matters recited had been introduced in evidence it would have been the duty of the court to have instructed the jury to find against appellant. Believing the trial court had a right to take judicial knowledge of the matters dis-

closed by the records of his own court which would have authorized a peremptory instruction against appellant on his plea of jeopardy, we have been unable to conclude that failure to entertain the plea has in any way resulted harmfully to accused, because the same result would have been reached by either procedure.

In his bill of exception No. 2 appellant sets out in narrative form the testimony of his wife, and at the conclusion of such narrative statement says she was "cross-examined, without objection being urged, as follows." There then appears five pages of questions and answers embracing the cross-examination. The bill nowhere undertakes to point out in what particular the cross-examination infringed upon the rule relative to the cross-examination of the wife of accused, and nowhere does the bill pertinently direct our attention to any particular question that was objectionable.

"A bill of exceptions is too general to be considered if it includes a number of statements some of which are admissible, and there is nothing in the objection to directly challenge or single out the supposed objectionable evidence."

Section 211, page 135, Branch's Anno. P. C., and authorities there collated. The bill is further objectionable for being in question and answer form which has been frequently held by us as not in compliance with the rules relative to bills of exceptions. See Carter v. State, 90 Texas Crim. Rep., 248; Jetty v. State, 90 Texas Crim. Rep., 346, 235 S. W. Rep., 589; Rylee v. State, 90 Texas Crim Rep., 482; McDaniel v. State, 90 Texas Crim. Rep., 636; Watson v. State, 90 Texas Crim. Rep., 576.

Appellant requested the following special charge.

"The jury shall be at liberty to determine in every case whether under all of the circumstances the insulting words or gestures were the real cause which provoked the killing. Therefore, you are charged in this case that if you believe, or have a reasonable doubt thereof, that the defendant was provoked, that is, caused, to kill the deceased by reason of and on account of the insulting words that defendant was informed the deceased used in reference to defendant's daughter, if you convict the defendant you cannot convict him of a higher grade of offense than manslaughter."

An examination of the court's charge discloses a full, fair and complete submission of the issue of manslaughter of which there could be no just ground of complaint, in connection with which he told the jury that they were at liberty to determine under all the facts and circumstances in the case whether or not appellant was informed of insulting words or conduct of deceased towards appellant's daughter, and whether such information was the real cause which provoked the killing. The requested charge was erroneous in that it did not take into account the condition of appellant's mind at the time of the killing, nor does it restrict it to the first meeting after having been informed of insults. The charge given by the court covers all these

issues in an admirable manner, and safeguarded the rights of appellant at every point.

Appellant requested the court to charge, in substance, that if prior to the time of the killing appellant had been informed of threats which deceased had made against his (appellant's) daughter or against appellant himself, or against any other member of the family, and that such information produced in appellant's mind such a degree of anger as rendered it incapable of cool reflection and that he killed deceased while under such condition of mind that he would be guilty of no greater offense than manslaughter. There is no claim that any such threats were made by deceased at the time of the homicide. The charge substantially asserts as a proposition of law that information to that effect conveyed to appellant which enraged him, and he killed while in such state of mind would be adequate cause to reduce the offense to manslaughter, regardless of when the killing took place. Such is not the law, and the court committed no error in refusing to give the charge in question. If deceased had said or done anything at the time of the killing, which taken in connection with any previous threats uttered by him might have been adequate cause it would have been proper to have instructed the jury with reference to such threats, but no such issue is raised by the evidence.

The court committed no error in permitting the State to introduce proof by Mr. and Mrs. Wingfield that prior to the marriage of deceased to appellant's daughter they had heard appellant make threats that if they married appellant would kill deceased. The objection that the testimony is too remote is not tenable. Taken in connection with all the other facts disclosed by the record the evidence was pertinent and the objection went to the weight of the testimony rather than to its admissibility.

The court properly admitted evidence that the general reputation of deceased as a peaceable and law-abiding citizen was good. Appellant, while declaring that he was not relying upon self-defense, introduced evidence of communicated threats against appellant, and members of his family, and by the evidence of his witnesses raised the issue of self-defense which made it necessary for the court to charge thereon, and rendered testimony as to the general reputation of deceased admissible. (Sec. 2095, page 1176, Branch's Anno. P. C. for authorities).

Special charge No. 3 requested by appellant was upon the weight of the testimony and properly refused by the court.

We have been unable to discover any error committed by the court as complained of in appellant's bill of exceptions No. 9. Under the facts of the case the State had a right to prove the relative size, weight and age of appellant and deceased, and the objection thereto is not tenable.

The evidence in the record is not set out nor reviewed at any length

Reference is made to the opinion in the same case reported in 85 Texas Crim. Rep., at page 299 for a recital of sufficient facts to make clear the matters discussed in this opinion.

Finding no errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

June 23, 1922.

LATTIMORE, JUDGE.—The only proposition advanced by appellant in his motion for rehearing is, that his plea of jeopardy was such as to entitle him to have same submitted to the jury, and that the trial court erred in sustaining the State's exception to said plea and in striking same from the record. We regret that we cannot bring ourselves into agreement with this view. The contention is most ably presented and our admiration aroused by the logic and force of its presentation.

We think the plea properly rejected for its failure to present facts necessary to be stated in such plea. There was no allegation of the result of the proceeding upon which jeopardy was rested. After stating that a juror was excused by the trial court with the consent of appellant's counsel, after issue was joined before a jury duly impaneled and sworn, the plea proceeded as follows:

"That after the juror Cross was excused, the district attorney and the lawyers for the defendant tried to agree on another juror, but were unable to do so, and then the parties agreed to try the case before said eleven remaining jurors.

The defendant respectfully shows to the court that the above facts constitute former jeopardy; that this is the same case, the same indictment, the same transaction. That for him to again be placed on trial, would be again after jeopardy has attached placing him on trial for his life or his liberty."

It will be observed that the only statement in said plea of any result of the court proceeding in question, is that embodied in the phrase "The case was tried before said eleven jurors." To have been legally sufficient said plea should have further set forth that a conviction or acquittal was had, or that the result of the trial was in some way a mistrial. Why this statement? The reply would be that not only was it necessary to prove such result if any trial was had on the plea of jeopardy, but also that the legal status of the plea itself as well as the attitude of the State and the trial court toward same, was determinable by such necessary allegation. Jeopardy and the plea of autrefois convict and acquit while akin, are not the same. From Grisham v. State, 19 Texas Crim. App., 514, we quote:

"The difference between jeopardy and the pleas of autrefois acquit and autrefois convict is the important distinction that the former pre-

supposes and are predicated upon verdicts rendered; the latter for valid causes which have operated in cases where no verdict has been reached. (Whart. Pl. & Prac., Sec. 491)."

In Wharton's Crim. Proc., 3d ed., Sec. 1427, we find the following:

"But between the pleas of autrefois acquit or convict, and once in jeopardy, there is this important distinction, that the former presupposes a verdict, the latter, the discharge of the jury without verdict, and is in the nature of a plea puis darrein continuance."

In Bishop's New Criminal Procedure, 2 Ed., Sec. 810, discussing the pleading of jeopardy, we read as follows:

"The substantial allegations are that herebefore, at a court which is mentioned, an indictment whose terms are fully recited was found against the defendant under a name stated, which may be that in the present indictment or not according to the fact; that he pleaded thereto, and was convicted or acquitted as the fact was; and the sentence thereon is set out. The plea then avers that the defendant in the former indictment was the same person as in the present one, and the two offenses are the same."

And in Sec. 805, id. this is found:

"The doctrine of this chapter is, that one entitled to this defense must make it through the ancient plea of autrefois convict or autrefois acquit, unless a statute has provided otherwise; and where neither the ancient plea nor a direct statutory provision is available, the right to the defence carries with it the right to modify such plea, or to resort to any other step in reason appropriate, as the circumstances indicate."

The reason for requiring an allegation of the result of the trial upon which is predicated the supposed jeopardy, may be further shown. If the plea allege that by said eleven jurors a verdict of conviction was rendered, the proper inquiry at once arises,—was this judgment reversed on appeal, set aside by the trial court, or allowed to stand? A verdict of guilty in a felony case by eleven jurors is void, and a judgment based thereon may be set aside at the request of the accused, in which case under authorities uniform and unbroken, the accused cannot thereafter interpose a plea of jeopardy based on such illegal judgment. Vernon's C. C. P., Art. 9 and authorities; Branch's Ann. P. C., p. 320 and authorities. Mr. Bishop in his New Criminal Law, p. 601, says:

"Procuring Verdict or Judgment vacated.—Whenever a verdict, whether valid in form or not, has been rendered on an indictment either good or bad, and the defendant for any cause moves in arrest of judgment or applies to the court to vacate a judgment already entered, as for many causes he may, he will be presumed to waive any objection to being put a second time in jeopardy; therefore ordinarily he may be tried anew."

Many cases are cited supporting the text, among them Thompson

v. State, 9 Texas Crim. App., 649, from which we make the following quotation:

"The position of counsel, that the defendant had once before been placed in jeopardy and could not be again tried, though supported by an able and ingenious argument, in which numerous authorities are cited, is wholly untenable. The circumstances are briefly these: The defendant had previously been tried and convicted. On his own appeal the conviction was set aside, the judgment reversed, and the case remanded for a new trial. 4 Texas Ct. App., 44. The effect of this action of the Court of Appeals upon the defendant's case was to place his case in precisely the same condition as if the District Court had granted a new trial and there had been no appeal. Code Cr. Proc., art. 876. In such a case the doctrine of former jeopardy has no application whatever, for the simple reason that there had been no final adjudication of the case. Vestal v. The State, 3 Texas Ct. App., 648, and authorities there cited; Simco v. The State, ante, p. 338. The action of this court on the former appeal is known to us, and it is shown by the record that it was known to the court below on the present trial. The plea of former jeopardy was properly stricken out on the motion and demurrer of the county attorney."

Again from Mr. Bishop's New Criminal Law, p. 624, we take the following:

"One tried by a jury less in number than required by law is in no jeopardy, and he may be tried again."

If said cause proceeded to a verdict, and an acquittal was had, the legal aspect of the supposed jeopardy would have been entirely different from that dependent upon conviction. Section 14 of our Bill of Rights guarantees immunity against a subsequent trial for the same offense after a verdict of not guilty in a court of competent jurisdiction, and Art. 20 of Vernon's C. C. P., seems to exempt from prosecution a second time for the same offense one who has been acquitted before a court of competent jurisdiction, no matter how irregular the procedings may have been.

So also, if appellant did not seek to bar his present prosecution upon the ground of either former acquittal or conviction, but upon some character of mistrial, his plea to be legally sufficient must have stated how or in what manner this question arose. To say that "he was tried before eleven jurors," states nothing constituting jeopardy. The fact that one has been tried, in no sense imports that as a result he may claim jeopardy. Men are tried, retried and tried again and no residuum exists upon which a subsequent plea or jeopardy may be based.

Being entirely satisfied of the correctness of the court's ruling in sustaining the State's exception to the plea of jeopardy, for the reasons just advanced,—we consider the question from another angle. We do not think there was any issue of fact raised by said plea, even if

same had fully stated the facts of the former trial and its result, which required the submission of the plea to the jury. It is well settled that the trial court has judicial knowledge of those facts shown by the records of his court pertaining to the history of this or any other case on his docket. Lindley v. State, 57 Texas Crim. Rep., 305; Dupree v. State, 56 Texas Crim. Rep., 562. The plea under discussion when disposed of upon exceptions to its substance, must be considered as speaking the truth. Same averred that appellant was tried in this case upon this indictment. In his qualification to the bill of exceptions complaining of his action in sustaining the State's exception to this plea, the trial court states that the case was tried, that appellant was convicted, that the case was appealed and reversed, and now stood for trial. These statements are in no way contradictory of any averments in the plea of jeopardy, and are of no facts resting in parole, but on the contrary are of facts established by court records and judicially known to exist, and which if true effectually settle the legal sufficiency of a plea of jeopardy based on a full and complete recital of the facts of the trial referred to in said plea, its result, appeal and reversal. Reverting for a moment to the statements in the plea as presented,—that after trial was begun a juror was excused by consent of appellant's attorneys, and that failing to agree upon another juror, the parties agreed to try and the case was tried before the remaining eleven jurors, we observe that the personal attitude of the appellant toward these proceedings is not set out in said plea. The plea is not based upon a discharge of the jury, nor can any ingenious argument of appellant place this case or its proper disposal in the attitude of a case wherein the jury was then discharged.

It is averred in the plea and stated also by the trial court in said qualification to the bill of exceptions, that the case was tried before the remaining jurors. Can it be said that jeopardy is a status, which once obtaining remains fixed? Every man put upon trial upon a valid complaint with issue joined before a jury in a court of competent jurisdiction, is in jeopardy. It is too plain for argument that this condition may be termined by his consent at practically any stage of the proceeding, or by proper action on the part of the court in various ways which might be named, without his consent or agreement. Is any violence done to this appellant when his assent to this entire proceeding, is inferred? There appears no averment in his plea to the effect that he objected to the discharge of said juror, or that he objected to proceeding with the trial until a verdict was rendered, or of the absence of the accused at any time, or his lack of knowledge of the fact that his trial was proceeding before eleven jurors. In fact we think the conclusion irresistible that appellant was in a situation where he had everything to gain and nothing to lose. If acquitted, he was sheltered by that section of our Bill of Rights and the article of our statutes above referred to. If convicted, he was

bound by no agreement of his attorneys excusing one of the jurors, but might assert the void character of the judgment based on the verdict of a less number of jurors than that guaranteed by the Constitution; and thus obtain a new trial. It seems impossible to us, reading this record dispassionately, to conclude that appellant reasoned otherwise than as we have stated. These matters were before the trial judge. The fact of appellant's conviction, of his effort to secure a new trial, of his appeal of the case and its reversal, and its return for another trial,—could not be disputed because they were true. There was no attempt in said plea to dispute any of them. If then, conceding the truth of the facts stated in the plea, taken in connection with the facts known to the court, and the truth of which were in nowise called in question by the plea, and indeed could not be; which facts together negatived the possibility of proof of any legal right on the part of appellant to assert jeopardy under the circumstances, the trial court was correct in saying that the plea should be stricken from the record. Chadwick v. State, 86 Texas Crim. Rep., 269, 216 S. W. Rep., 397; Huey v. State, 88 Texas Crim. Rep., 377, 227 S. W. Rep., 186, and Torres v. State, 91 Texas Crim. Rep., 386, are not in any sense opposed to this holding. No questions of fact dependent upon testimony were put in issue by the plea in the instant case. The facts stated in said plea were admitted by the State. There is nothing applicable in the numerous cases cited from this and other jurisdictions in the able written arguments filed by appellant, and which assert correctly that the accused cannot by consenting to a trial in a felony case before eleven jurors give validity to a verdict of conviction thus had. However, no authority is cited, nor do we believe that any can be found holding that one who thus consents to such trial, and upon conviction asks and obtains a reversal or a new trial, can successfully plead in bar of another trial, jeopardy based upon any part of an illegal trial which proceeds to such judgment of conviction. The fundamental unsoundness of the proposition accounts for the lack of authorities supporting same. It is not the law. If a plea of jeopardy on its face, or aided by record facts judicially known to the court, fails to make out legal jeopardy, such plea may be stricken from the record. Simco v. State, 9 Texas Crim. App., 350; Dubose v. State, 13 Texas Crim. App., 418; Robinson v. State, 23 Texas Crim. App., 315; Washington v. State, 35 Texas Crim. Rep., 156; Powell v. State, 42 Texas Crim. Rep., 11; Dupree v. State, 56 Texas Crim. Rep., 562; Marshall v. State, 73 Texas Crim. Rep., 531, 166 S. W. Rep., 722; Steen v. State, 92 Texas Crim. Rep., 99, 242 S. W. Rep., 1047, No. 6965, rendered at the present term.

Being unable to agree with the contentions of appellant, his motion for rehearing will be overruled.

*Overruled.*