OLLIE JACKSON v. THE STATE.

No. 8256.   Decided January 9, 1924.

1.—Murder—Evidence—Threat not too Remote.

Where, upon trial of murder, testimony was introduced by the State that about two years before the homicide the appellant made a threat to kill deceased, the objection that the threat was too remote is untenable and

there is no reversible error.—Following Cole vs. State, 243 S. W. Rep., 1100, and other cases.

2.—Same—Evidence—Leading Question.

There is no error in overruling the objection to a question asked by the district attorney not in itself inflammatory or hurtful, nor to lead the witness where the latter was adverse to the State.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of murder; penalty, twenty years in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, and *R. K. Hanger*, District Atorney, and *W. H. Tolbert*, Assistant District Attorney, for the State. Cited cases in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Tarrant County of murder, and his punishment fixed at twenty years in the penitentiary.

Growing out of a difference over a woman it is made to appear without dispute that appellant shot and killed deceased. His defense was that deceased was attacking him with a chair defending against which he shot and took the life of deceased. It was in testimony that about two years before the homicide appellant made a threat to kill deceased. The objection was that this was too remote. We are not able to agree with appellant. Cole v. State, 92 Texas Crim. Rep., 368, 243 S. W. Rep., 1100, which is cited in an able brief filed by Hon. R. K. Hanger, Criminal District Attorney of Tarrant County, is authority for the proposition that such objection goes to the weight rather than the admissibility of the testimony. See also Finch v. State, 89 Texas Crim. Rep., 363, 232 S. W. Rep., 528; Watt v. State, 90 Texas Crim. Rep., 447, 235 S. W. Rep., 888; Dunn v. State, 92 Texas Crim. Rep., 126, 242 S. W. Rep., 1049; Russell v. State, 11 Texas Crim. App., 288.

Bills of exception Nos. 2, 3 and 4 present no error. Objection to a question asked not in itself inflammatory, or hurtful, calls for no review when the answer is not set out. Nor do we perceive any harm in the State's attorney telling the court that he desires to lead a witness who is adverse to him.

Appellant strenuously insists that his bills of exceptions Nos. 5 to 10 show erroneous examination of a particular witness by the State. We have carefully gone into the matters contained in each bill of exceptions and find ourselves entirely unable to agree with appellant's contention. It is true that some of the questions were leading, but

there appears the ruling of the learned trial judge that the witness
was adverse to the State and thát he gave State's counsel permission
to lead the witness. This ruling of the court below must be taken as
correct by us until the contrary is made to appear, and this con-
verse can not rest alone upon the statement of appellant that such
witness was not adverse to the State. We see no good reason to be
served by setting out the various questions asked, objection to which
appears in these bills. Many of the question were not answered and
those which were do not present any error from the substance of the
answers, and the complaint is based chiefly upon the form of the
questions asked. As just stated, we find no error in the questions aris-
ing from their form in view of the ruling of the trial judge.

No error appearing, the judgment will be affirmed.

*Affirmed.*