[No. 10,926. Department One.—May 12, 1884.]

## THE PEOPLE, RESPONDENT, v. JAMES KEEFER, APPELLANT.

CRIMINAL LAW — MURDER — ACCESSORY AFTER THE FACT — INSTRUCTIONS. — Where there is testimony tending to show that the defendant charged with murder was not personally present at the killing, and that the killing was not done in pursuance of any agreement or undertaking to which he was a party, but that the defendant aided in concealing the dead body, it is error to refuse to instruct the jury that if they so believe they must acquit.

ID. — ONCE IN JEOPARDY. — A defendant indicted for murder and found guilty of murder of the second degree, who on his own motion secures a new trial, may on a retrial be convicted of murder of the first degree.

APPEAL from a judgment of the Superior Court of Butte County, and from an order refusing a new trial.

The defendant was convicted of murder of the second degree. The facts are stated in the opinion of the court.

*F. C. Lusk,* and *Reardan & Freer,* for Appellant.

*Attorney-General Marshall,* for Respondent.

McKINSTRY, J. — Counsel for defendant asked the court to charge the jury : —

"If you believe from the evidence that the defendant James Keefer was not present when the Chinaman *Lee Yuen* was killed by *Chapman,* and did not aid and abet in the killing, and that defendant, at the time or prior to the killing, had not conspired with *Chapman* to commit the act, and that he had not advised and encouraged *Chapman* therein, and that the killing was not done in pursuance of any conspiracy between this defendant and *Chapman* to rob said Chinaman, and that this defendant only assisted in throwing the dead body of the Chinaman into the creek, then you are instructed that, under the indictment, you must find the defendant not guilty."

It is to be regretted that the foregoing instruction was not given to the jury. Of course, if defendant had done no act which made him responsible for the murder, the mere fact that he aided in concealing the dead body would render him liable only as accessory after the fact — an offense of which he could not be found guilty under an indictment for murder. However

incredible the testimony of defendant, he was undoubtedly entitled to an instruction based upon the hypothesis that his testimony was entirely true.

Assuming the testimony of defendant to be true, there was evidence tending to show that no robbery was committed or attempted. In robbery, as in larceny, it must appear that the goods were taken *animo furandi;* and there was evidence tending to prove that his property was not taken from deceased *lucri causa*, or with intent to deprive him of it permanently. So also there was evidence tending to prove that defendant was not personally present at the killing, and that the killing was not done in pursuance of any agreement or understanding to which defendant was a party, but that it was done by Chapman without the knowledge, assent, or connivance of the defendant.

The testimony of defendant was to the effect that he did not advise or encourage Chapman to follow and *tie* the deceased. But even if we could be supposed to be justified in deciding the *fact*, in holding that his conduct conclusively proved.—notwithstanding his testimony to the contrary— that he did encourage Chapman in his purpose to follow and tie the deceased, such encouragement would not, of itself, make him accessory to the killing. An accessory before the fact to a robbery (or any other of the felonies mentioned in section 198 of the Penal Code), although not present when the felony is perpetrated or attempted, is guilty of a murder committed in the perpetration or attempt to perpetrate the felony. (*People* v. *Majors*, April 1, 1884.) This is by reason of the statute, and because the law super-adds the intent to kill to the original felonious intent. (*People* v. *Doyell*, 48 Cal. 94.) One who has only advised or encouraged a misdemeanor, however, is not *necessarily* responsible for a murder committed by his co-conspirator, not in furtherance, but independent of the common design. (1 Whart. Crim. Law, § 229 and note.)

In the case at bar, if defendant simply encouraged the *tying* of the deceased—a misdemeanor which did not and probably could not cause death or any serious injury—as the killing by Chapman was neither necessarily nor probably involved in the battery or false imprisonment, nor incidental to it, but was an independent and malicious act with which defendant had no

connection, the jury were not authorized to find defendant guilty of the murder, or of manslaughter. If the deceased had been strangled by the cords with which he had been carelessly or recklessly bound by Chapman, or had died in consequence of exposure to the elements while tied, defendant might have been held liable. But, if the testimony of defendant was true—and as we have said, he was entitled to an instruction based upon the assumption that the facts were as he stated them to be—the killing of deceased was an independent act of Chapman, neither aided, advised, nor encouraged by him, and not involved in nor incidental to any act by him aided, advised, or encouraged. The court erred in refusing the instruction.

Notwithstanding defendant's objection, the court permitted the district attorney to ask a witness, the surgeon who had examined the wounds of deceased: "In regard to that cut on the neck, if the Chinaman was struggling could such a cut have been made?" Conceding that, as claimed, it was error to allow the question, the error could not have injured defendant. As stated by counsel for appellant, the contention of the prosecution was that Chapman inflicted the fatal wound while the deceased was perfectly still, and of the defense that it was while Chapman and the deceased were struggling. The answer of the witness to the question was: "It is a wound that might have been made in a scuffle."

The transcript contains no copy of the minutes of defendant's pleas. (Pen. Code, § 1207.) It contains, however, a stipulation signed by counsel which refers to a plea of former acquittal. The stipulation also recites that defendant had been tried upon the same indictment in April, 1883, and convicted of murder of the second degree; that on his motion the verdict, guilty of murder in the second degree, was vacated, and a new trial granted, because of error at the trial in admitting certain evidence. At the second trial, counsel for defendant requested the court below to charge the jury: "Defendant having been previously tried on this indictment and found guilty of murder of the second degree, he cannot now be convicted of murder in the first degree."

It is urged by appellant that the refusal of the court to give the foregoing instruction was error which would require the reversal of the judgment and order appealed from.

At the second trial defendant was found guilty of murder of the second degree. It is obvious, therefore, that the mere refusal of an instruction that he could not be convicted of murder of the first degree did not prejudice him. Inasmuch, however, as there must be a retrial of this action, it is proper to add that the conviction of murder of the second degree would not have been a bar to a conviction of murder of the first degree. The indictment charges the crime of *murder*, and the defendant was not acquitted of murder by the first verdict.

In dividing the crime of murder into two degrees the legislature recognized the fact that some murders, comprehended within the same general definition, are of a less cruel and aggravated character than others, and deserving of less punishment. It did not attempt to define the crime of murder anew, but only to draw certain lines of distinction by reference to which the jury might determine, in a particular case, whether the crime deserved the extreme penalty of the law or a less severe punishment. (*People* v. *Haun,* 44 Cal. 98; *People* v. *Doyell, supra.*) After the Act of 1856, which divided the crime into murder of the first and second degrees, *murder* remained, and it still remains, the unlawful killing of a human being with malice aforethought. (Pen. Code, §§ 187, 188.) The malice may be express or implied; the express intent to kill or to commit one of the named felonies may be affirmatively established, or, the killing being proved, the malice may be implied, but in either case the crime is murder. The fact that a severer penalty is to be imposed in one case than the other, does not change the effect of a previous conviction, and the defendant who, on his own motion, secures a new trial, subjects himself to a retrial on the charge of murder, whether the first verdict was guilty of murder of the first or of the second degree. At the second trial he may, if the evidence justify such verdict, be found guilty of murder of the first degree.

Judgment and order reversed and cause remanded for a new trial.

Ross, J., concurring. — As there was testimony tending to show that defendant was not personally present at the killing, and that the killing was not done in pursuance of any agree-

ment or undertaking to which defendant was a party, I agree that the court below erred in refusing to give the instruction first set out in the opinion of MR. JUSTICE McKINSTRY, and therefore concur in the judgment. I also agree with what is said in the opinion upon the last point discussed.

MCKEE, J., concurred in the opinion of MR. JUSTICE ROSS.