[No. 20381. In Bank. — October 23, 1888.]

THE PEOPLE, RESPONDENT, v. LUKE CARTY, APPELLANT.

CRIMINAL LAW — EVIDENCE TAKEN AT PRELIMINARY EXAMINATION — CERTIFICATE OF SHORT-HAND REPORTER. — Under section 869 of the Penal Code, the reporter's transcript of the notes taken by him at an examination of a prosecuting witness before the committing magistrate must be certified to be a correct statement of the testimony and proceedings, and not merely that it is a full, true, and correct transcript of the short-hand notes. The certificate must be correctly written, and its absence cannot be supplied by parol evidence so as to make the transcript admissible; though it would be a proper course to have the reporter refresh his memory, and testify orally as to what occurred at the examination.

ID. — OPENING STATEMENT — ARGUMENT OF LAW. — The court may properly refuse to permit counsel in his opening address to argue the law to the jury.

ID. — HOMICIDE — PLEA OF ONCE IN JEOPARDY AND FORMER ACQUITTAL. — A conviction for manslaughter under an indictment for murder, which is reversed on the appeal of the defendant, will not sustain a plea of once in jeopardy and former acquittal upon the new trial for murder, under the same indictment.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The defendant was convicted of manslaughter on the first trial, and the judgment was reversed upon an appeal by him. The further facts are stated in the opinion.

*Henry E. Highton*, for Appellant.

*Attorney-General Johnson*, for Respondent.

HAYNE, C.— The defendant was convicted of manslaughter, and sentenced to five years' imprisonment in the state prison, and he brings this appeal. Upon the trial the prosecution offered in evidence the short-hand reporter's transcript of his notes of the testimony of one Anderson, given at the examination before the committing magistrate. The certificate attached to this transcript was as follows: " I hereby certify that the foregoing is a full, true, and correct transcript of the short-hand notes taken by me herein. Ernest A. Girvin, official short-hand reporter of police judge's court number two." Among the objections taken to this document, one was that it was not properly certified. The reporter was then called as a witness, and testified that the document was a correct transcript of the notes taken by him of the testimony and proceedings at the examination before the magistrate. There was no attempt to have him refresh his memory from the writing, and then testify as to what occurred at the examination. His testimony relates merely to the correctness of the document. After hearing what he had to say on this subject, the court overruled the objections, and admitted the transcript, and the defendant excepted. We think this was error. The provision of the statute is, that the reporter shall " transcribe into long-hand writing his said short-hand

notes, and certify and file the same "; and that "when
written out in long-hand writing, and certified as being
a correct statement of such testimony and proceedings
in the case, shall," etc. (Pen. Code, sec. 869, subd. 5.)
What this statute requires the certificate to state is
plainly written. It must state that the transcript is " a
correct statement of such testimony and proceedings."
In other words, there must be an affirmation by the re-
porter, not merely of the correctness of the transcribing
from the original notes, but also that such notes were
correct. The certificate before us relates simply to the
correctness of the transcribing. Its language is, that the
document in question is "a full, true, and correct tran-
script of the short-hand notes taken by me herein."
There is no affirmation that such notes were correct, and
we are left to guess at what the notes were. Beyond the
fact that the notes were taken "herein," — by which we
understand that they were taken at the examination
before the magistrate, — we can gather nothing as to
their character. For all that appears to the contrary,
they may have been purely or partly a freak of the re-
porter's imagination. It is not upon such evidence as
this that a man can be deprived of his life or liberty.
The attempt to supply the defects in the certificate by
parol evidence did not help the matter. The statute re-
quires a written certificate. It says the reporter shall
" transcribe into long-hand writing his said short-hand
notes, and certify and file the same." Now, if in any
case there could be an oral " certificate," it is perfectly
manifest that such a thing could not be " filed." The
provision of the statute being for a written certificate,
the trial court was not authorized to hold that an oral
one would do as well.

The argument of the attorney-general that the reporter
was an officer, and that the correctness of official action
is to be presumed, proves too much. If allowed to pre-
vail, it would do away with the necessity of any certifi-

cate whatever, in the face of a statute which explicitly requires one.

It is to be observed that there was no attempt to have the reporter, who was there on the stand, refresh his memory, and then testify as to what occurred at the examination, which would have been a perfectly practicable course. (See Code Civ. Proc., sec. 2047; and compare *Reid* v. *Reid*, 73 Cal. 209.) The deposition was introduced as of itself sufficient to show the testimony of Anderson, and there was no other evidence thereof. The case of *People* v. *Cunningham*, 66 Cal. 672, is not at all in conflict with the foregoing. In that case the opinion places the admissibility of the testimony "upon the admissions of the defendant's counsel"; and the admissions referred to are shown by the record in that case (which we have examined) to be, among other things, that "the reporter, if present, would testify to what was in his written notes as his recollection of said witnesses' statements then made." "The presence of said reporter was waived. The written notes were admitted to be his recollection of said testimony." Upon this admission no question as to a certificate could arise, and the briefs in the case show that no such question was argued. The opinion, therefore, does not touch upon the question before us, and besides this, it was not concurred in by a majority of the court.

As to the other matters argued, we think the action of the court was correct. Sufficient foundation was laid for the introduction of the testimony of Anderson. There was no sufficient showing of diligence as to Harold. The court properly refused to permit counsel to argue the law to the jury in his opening address; and it properly overruled the plea of once in jeopardy and former acquittal. (*People* v. *Keefer*, 65 Cal. 235.) We therefore advise that the judgment and order denying a new trial be reversed, and the cause remanded for a new trial.

BELCHER, C. C., and FOOTE, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment and order denying a new trial are reversed, and the cause remanded for a new trial.

SEARLS, C. J., dissented.