### John Henry v. The State.

#### No. 5737. Decided March 24, 1920.

**1.—Murder—Evidence—Reproduction of Testimony.**

Upon trial of murder there was no error in permitting the sheriff to reproduce the testimony of defendant given on a former trial to the effect that he, the defendant, shot deceased twice with a shotgun.

**2.—Same—Evidence—Bill of Exceptions.**

Where, the bill of exceptions did not show at what time the sheriff reached the body of the deceased, there was no error in admitting his testimony of not finding any weapon on the body of the deceased at the time he reached the scene of the homicide; the defense being apparent danger to justify self-defense.

**3.—Same—Husband and Wife—Cross Examination.**

Upon trial of murder there was no error in permitting the State on cross-examination of defendant's wife, with reference to trouble between herself and the wife of the deceased at the residence of the latter, this matter having been brought out by the defendant in the examination in chief.

**4.—Same—Evidence—Motive—Declarations of Defendant.**

Upon trial of murder there was no error in permitting the State on cross-examination of the defendant to ask him with reference to a report that he circulated a statement touching the chastity of the wife of the deceased and her relations with other men, as this bore upon the feeling of defendant towards deceased and his family.

**5.—Same—Evidence—Apparent Danger—General Reputation.**

Upon trial of murder, in the absence of an issue of apparent danger in connection with the threat by deceased, the State should not have been permitted to introduce testimony showing the reputation of deceased for peace and quietude; the defendant not having raised this issue.

**6.—Same—Oath Administered to Jury.**

Where, upon trial of murder, the oath administered to the jury was not in the form of the oath prescribed by the Statute, the same was unauthorized the conviction thereunder a nullity.

Appeal from the District Court of Cooke. Tried below before the Honorable C. R. Pearman, Judge.

Appeal from a conviction of murder; penalty, 8 years imprisonment in the penitentiary.

The opinion states the case.

*Graham & Logsdon,* and *Culp, Culp & Culp,* for the appellant.—On question of the reproduction of defendant's testimony on former trial: Richardson v. State, 27 S. W. Rep., 139; Swilley v. State, 166 S. W. Rep., 733; Brown v. State, 122 S. W. Rep., 565; White v State, 202 S. W. Rep., 737.

On question of administering oath to jury: Bell v. State, 2 Texas Crim. App., 216; Leer v. State, 2 id., 495; Howard v. State, 80 Texas Crim. Rep., 588.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of testimony on former trial: Preston v. State, 41 Texas Crim. Rep., 300; Robertson v. State, 63 id., 216; Jones v. State, 64 id., 510; Sanders v. State, 17 id., 222.

DAVIDSON, Presiding Judge.—Appellant was convicted of murder and the jury awarded him eight years in the penitentiary.

A bill of exceptions recites that the sheriff of the county was permitted to reproduce the testimony of appellant given on a former trial to the effect that he, appellant, shot deceased twice with a shotgun. This testimony was not subject to the exception that the State could not reproduce the testimony of defendant given on a former trial. The decisions hold the other way. This holding is without exception in the jurisprudence. At what stage of the trial this testimony was introduced is not shown by the bill of exceptions. As the bill presents the matter there is nothing to justify a reversal.

A bill of exceptions was also reserved to evidence of the sheriff with reference to his not finding any weapon on the body of deceased at the time he reached the scene of the homicide. The bill does not show at what time the sheriff reached the body. As a general proposition this character of testimony is admissible, and especially so if apparent danger is the basis of self-defense. If there be intervening reasons why a witness would not be permitted to testify as was done by the sheriff in this matter they are not stated in the bill. Length of time and opportunities for others to take away weapons might possibly, under some circumstances, operate as a reason why such testimony should be rejected, but usually this would not be true. This would go more to the weight than to the admissibility of the testimony. But the bill as presented does not show any reason why the court committed error in this matter.

Appellant's wife testified. A bill of exceptions sets out the questions and answers. In substance she was, over objection of appellant, required to testify as to trouble between herself and the wife of deceased at the residence of deceased. It seems that she had gone to the residence of deceased and a conversation had occurred between her and her sister, who is the widow of deceased, with reference to some reports that had been circulated as to her chastity, and during the difficulty the widow of deceased knocked her down with a "churn stick." The objection is that she was the wife of defendant and was testifying about matters not brought out by defendant from his wife. That is stated as a ground of objection and not as a matter of fact. If this matter was introduced by defendant through his wife, it was subjects of cross-examination by the State. We are cited to the statement of facts by the Assistant Attorney General showing that defendant asked with reference to this matter, and the State's questions were but cross-examination on the original matter brought out by defendant. If the defendant brought out the matter the state was entitled to cross-examine the witness. The bill does not show this as a matter of fact, but the statement of facts does show this was brought out by defendant. The bill as presented does not show reversible error.

Another bill recites that while defendant was on cross-examination as a witness he was asked with reference to a report that he may

have circulated and a statement made with reference to the chastity of the wife of deceased and her relation with a man named Foster. Appellant denied this. He stated he had never made such statement. Objection was urged on the ground that this was an extraneous matter and could only injuriously affect defendant. We are of opinion this testimony was admissible. It showed the relation between the parties, or tended to do so. If appellant made the statement it would be a circumstance to be shown by the State of the relation existing between himself and the family of deceased, and one that would naturally bring about trouble between them. Appellant denied it, and from that viewpoint would hardly be injured; but as he denied it, the State introduced evidence to the effect that he did make the statement. We think that it was admissible either as original or impeaching testimony, and it was permissible to show these statements whether appellant denied them or did not deny them. It bore upon his feeling towards deceased and his family, and the ill-will he may have had toward them.

There were exceptions reserved to the admission of testimony showing the reputation for peace and quietude of deceased. The bills are not as definite perhaps as they should be, but in view of another trial we would state that as a general rule the reputation of the injured party is not introducible as original testimony. If there had been previous threats made by deceased and communicated to appellant, and there was an issue of apparent danger in connection with the threats, then the reputation of deceased could be shown by the State. This seems to be well settled by quite a line of Texas cases. If such threats had not been previously made by deceased and communicated to appellant, then this character of testimony would not be admissible as original evidence. Had defendant put in issue the reputation of deceased, then the State would be entitled to show good reputation. But where threats are part and parcel of the immediate difficulty, then, as we understand the rule, the reputation of deceased would not be an issue. It is only where threats had been previously made; that is, prior to the difficulty and communicated to the accused, and the issue was that deceased was seeking to carry into execution these threats, that the State would be permitted to introduce the good reputation of deceased as an independent or original fact. We make the above observations in view of another trial.

There is a question raised as to the swearing of the jury at the time that body was impaneled to try the case. This same question came in two other cases from the same county, tried at the same term of court, Crisp v. State, 87 Texas Crim. Rep., 137; and Huey v. State, 87 Texas Crim. Rep., 248. The writer of this opinion deems it unnecessary to go into a discussion of the illegality of the oath ad-

ministered to the jury. It is fully discussed by Judge Lattimore in the case of Crisp v. State and by Judge Morrow in the Huey case this day decided. The conclusion in those cases the writer thinks is correct.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*