### I. A. Huey v. The State.

#### No. 5957.   Decided November 24, 1920.

#### Rehearing denied January 26, 1921.

1.—Murder—Manslaughter—Former Trial—Former Jeopardy—Statutes Construed.

Where, upon a conviction of murder under an indictment for which the defendant had been tried before and convicted of manslaughter, appealed and was granted a new hearing because the jury had not been sworn as required by law, and pleaded former jeopardy on the ground that a conviction of the lesser degree operated as an acquittal of the higher degree, under Article 782, C. C. P., held, that under Article 572, C. C. P., this was untenable, as he was not tried by a jury, and the judgment rendered on the former trial is not available as a bar to the present prosecution, following Kepner v. United States, 195 U. S. 100, and other cases.

2.—Same—Rule Stated—Verdict—Jury—Statutes Construed.

The law has declared that the jury must be empanelled and sworn, and the courts have held that unless the verdict is rendered by a jury empanelled and sworn, it is not in law a verdict, and jeopardy does not attach in a felony case. Following Howard v. State, 80 Texas Crim. Rep., 588, and other cases.

3.—Same—Case Stated—Former Jeopardy—Verdict—Jurisdiction.

Where, appellant on a former appeal invoked the decision of this court upon his contention that the judgment of the court below convicting him of manslaughter was void because the jury were not sworn as required by law, which contention this court sustained, he cannot maintain his present contention that the judgment convicting him of manslaughter was based upon the verdict of a jury which entitled him to a plea of former jeopardy, under Article 572, C. C. P.

Appeal from the District Court of Cook. Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of murder; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Culp, Culp & Culp,* for appellant.—On question of former acquittal: Blackshear v. State, 154 S. W. Rep., 564; Burnett v. State, 112 S. W. Rep., 76; Smidt v. State, 147 id., 240; Lee v. State, 148 id., 706; Johnson v. State, 49 id., 165; Whiten v. State, 160 id., 462; Anderson v. State, 7 id., 40; Ex parte Moore, 80 id., 621.

*Alvin M. Owsley,* Assistant Attorney General, and *Garnett & Garnett,* for the State.—On question of former acquittal: Ogle v. State, 63 S. W. Rep., 1009; Crisp v. State, 220 id., 1106, and cases cited in opinion.

MORROW, Judge.—The conviction is for murder, and punishment fixed at confinement in the penitentiary for seven years.

Under the same indictment, on a former trial, appellant was adjudged guilty of manslaughter. By appeal he sought and obtained relief from this judgment upon the ground that the verdict of conviction was rendered by a jury not sworn as required by law, and therefore void. Huey v. State, 220 S. W. Rep., 1108. In the instant case he interposed a plea of former acquittal of murder, seeking to avail himself of the statutory rule under which where one is tried under an indictment which includes several degrees, a conviction of the lesser operates as an acquittal of the higher degree. C. C. P., Art. 782. In this statute an exception is made of those cases in which the new trial is gained, or the judgment arrested, because of want of jurisdiction in the court trying the case. Other statutory provisions emphasize this exception. In Article 20, C. C. P., it is said:

"If the defendant shall have been acquitted upon a trial in a court having no jurisdiction of the offense, he may be again prosecuted."

Again, in Subdivision 2 of Article 572, it is said in substance that to bar a subsequent trial the acquittal must have been by a jury in a court of competent jurisdiction, whether the acquittal was regular or irregular. In our constitution it is provided that the right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may

be needed to regulate the same and to maintain its purity and efficacy. Article 5, Sec. 15, Constitution. The Legislature has provided that no person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded. C. C. P. Art. 21. The Legislature has also declared that a jury must be impanneled and sworn, and the courts have held that unless the verdict is rendered by a jury impanneled and sworn, it is not in law a verdict. Howard v. State, 80 Texas Crim. Rep., 588; Crisp v. State, 220 S. W. Rep., 1104; Henry v. State, 220 S. W. Rep., 1109. Jeopardy does not attach in a felony case until the jury has been duly impanneled and sworn. Howard v. State, supra; Hipple v. State, 80 Texas Crim. Rep., 541; Ruling Case Law, Vol. 5, p. 121; Bishop's New Crim. Law, Secs. 1014 and 1015. The district courts of this State are given jurisdiction in felony cases (Art. 5, Sec. 8, Constitution); and another statute provides that the accused in a felony case cannot waive a jury. These constitutional and statutory provisions render it certain that in our State it is essential in a felony case that the judgment be based upon the verdict of a jury. The court organized has no power to determine the guilt or innocence of one accused of a felony, except through the instrumentality of a jury duly impanneled and sworn. The United States Supreme Court, in the case of Kepner v. U. S., 195 U. S. 100, said:

"Undoubtedly, in those jurisdictions where a trial of one accused of crime can only be by a jury, and a verdict of acquittal or conviction by a jury, no legal jeopardy can attach until a jury has been called and charged with the deliverance of the accused."

To the same effect is The State v. Herold, 68 Washington, 654, 40 L. R. A., New Series, 1213.

The appellant urged in the court below upon motion for new trial that the court was without jurisdiction to enter judgment against him convicting him of manslaughter, for the reason that the body of men purporting to render the verdict was not a jury organized, impanneled, and sworn as required by the Constitution and laws of this State, and that in consequence thereof the purported verdict was a nullity. Upon a record presenting these facts on the former trial, the appellant invoked the decision of this court upon his contention that the judgment of the court convicting him of manslaughter was void, because not based upon a verdict of a jury. The judgment of this court sustaining this contention is conclusive. In the face of such judgment he cannot maintain his present contention that the judgment convicting him of manslaughter was based upon the verdict of a jury. Upon the record before us, it is clear that the appellant was not convicted of manslaughter by the verdict of the jury. He sought and obtained a reversal upon this ground. He is not entitled to the benefit of the statute providing that the conviction of a lesser degree will acquit of the higher. His case comes within the exception to that statute. His is not the case of an irregular acquittal referred to in Article 572. He has not been tried by a jury, and the judgment rendered on the former

trial is not available as a bar to the present prosecution. The trial court did not err in so ruling.

The judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled January 26, 1921.]