JOHN STEEN v. THE STATE.

No. 6955.    Decided June 7, 1922.

1.—Murder—Former Jeopardy—Arraignment—Pleas of Not Guilty—Rule Stated.

The arraignment of the defendant does not amount to the joining of an issue between him and the State before a jury, such as is contemplated by the authorities in their definition and announcement of what constitutes jeopardy. It may also be safely asserted that the lack of any fundamental requisite in a felony trial which would render void the judgment or attempted judgment, would also make ineffective a plea of jeopardy based on such proceedings. Following Huey v. State, 88 Texas Crim. Rep., 377.

2.—Same—Jeopardy—Jury—Must be a Full Jury—Discharge of Jurors.

In Texas there can be no legal plea of jeopardy in a felony case until such case has in some sufficient way been committed to a jury of twelve men, and where the court discharged, the six jurors who had been selected, one of whom was under felony indictment, the defendant refusing to excuse the juror, there was no error in striking out the plea of jeopardy upon this ground.

Appeal from the District Court of Bexar.    Tried below before the Honorable S. G. Tayloe.

Appeal from a conviction of murder; penalty, life imprisonment in the penitentiary.

The opinion states the case.

*Chambers, Watson & Johnson, M. W. Terrell* and *Horace E. Wilson,* for appellant.—Cited: Hipple v. State, 191 S. W. Rep., 1156; Crow v. State, 230 S. W. Rep., 148, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Bexar County of murder, and his punishment fixed at confinement in the penitentiary for life.

The first and chief contention of appellant is that the trial court erred in sustaining the State's demurrer to appellants plea of former jeopardy, and in declining to have said plea submitted to the jury. If such plea showed on its face that same consisted of a matter not legally sufficient to constitute jeopardy, there would be no error. If otherwise, the action of the trial court in declining to hear evidence might be unwarranted. From the bill of exceptions presenting this matter we learn that this cause was set for trial in the court below on June 6, 1921, and a special venire ordered. It is not clear from the recitals in said bill whether appellant was arraigned on said day or not, but this does not appear to be material further than is necessary to understand this opinion. It is stated that after being duly arraigned six jurors were separately selected and sworn to try this case. The fifth juror, when accepted, was known to be under a felony indictment. After the selection of the sixth juror, doubt arising in the mind of the State as to the legality of a jury on which sat one under indictment for a felony, even when both parties to the case had agreed to waive such disqualification, the question was raised and presented to the trial court, who concluded that the presence of said juror would of necessity make an illegal jury under Articles 692 and 695 of our Code of Criminal Procedure. The trial court offered to the appellant the opportunity to disqualify or excuse said juror, but the appellant declined either to object or agree to excuse, or to any other action in the premises except to proceed to get a full panel and go on with the trial. The court discharged the six men already selected upon the jury and entered an order continuing the cause for the term. At the next term when the case was called a plea of jeopardy was presented to the court, setting up the facts just set forth and, as stated above, the State demurred to the sufficiency of said plea and said demurrer was sustained, and appellant was not allowed to present said plea to the jury or introduce any testimony in support thereof, but said plea was stricken from the record. Admitting the truth of the facts stated in said plea, could jeopardy be based thereon?

Jeopardy has been often defined by the courts and text writers. Mr. Cooley's statement of what constitutes jeopardy, approved in Powell v. State, 17 Texas Crim. App., 350, and many later Texas decisions down to Hipple v. State, 80 Texas Crim. Rep., 531, 191 S. W. Rep., 1155, is as follows:

"A person is in legal jeopardy when he is put upon trial, before a court of competent jurisdiction, upon indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance. And a jury is said to be thus charged when they have been impaneled and sworn. The

defendant then becomes entitled to a verdict which shall constitute a bar to a new prosecution; and he cannot be deprived of this bar by a nolle prosequi entered by the prosecuting officer against his will, or by a discharge of the jury and continuance of the cause.'' (Cooley's Const. Lim., 15th ed., 404.)

Under the authorities we are of opinion that it should be stated as part of the definition of jeopardy that one is not ''put upon trial'' until the indictment or information is read to the jury and the plea of the accused is heard. Yerger v. State, 41 S. W. Rep., 621; Mays v. State, 51 Texas Crim. Rep., 32; Sedgwick v. State, 57 Texas Crim. Rep., 420. In the Yerger case, supra, Judge Hurt, in his terse, lucid manner, remarks: ''The trial was before a court of competent jurisdiction, the jury was impaneled and sworn, the indictment read to the jury, but the accused did not plead to the indictment. The question is, did jeopardy attach? We answer in the negative. We know of no authority holding, under this state of case, that jeopardy would attach.''

The arraignment of the accused is stated in Article 556, C. C. P. to be for the purpose of reading to the defendant the indictment against him and hearing his plea thereto. ''The principal office of the arraignment is to fix the personal identity of the accused.'' Hendricks v. State, 6 Texas, 341. ''It has never been held that the arraignment per se as a prescribed method of procedure in capital cases, is a sine qua non to the conviction. Wilson v. State, 17 Texas Crim. App., 536. It is not necessary that the arraignment be in the presence of the jury. Smith v. State, 1 Texas Crim. App., 414; Sims v. State, 36 Texas Crim. Rep., 163. After arraignment once, at subsequent trials it is not necessary that it be repeated. Shaw v. State, 32 Texas Crim. Rep., 155; Sims v. State, 36 Texas Crim. Rep., 154; Myers v. State, 37 Texas Crim. Rep., 331. This much is stated as leading to our conclusion that the arraignment of the defendant does not amount to the joining of an issue between him and the State before a jury such as is contemplated by the authorities in their definition and announcement of what constitutes jeopardy.

It may also be safely asserted that lack of any fundamental requisite in a felony trial which would render void the judgment or attempted judgment, would also make ineffective a plea of jeopardy based on such proceeding. Huey v. State, 88 Texas Crim. Rep., 377. This was a case in which the twelve men who tried Mr. Huey at a former time, were not sworn and a conviction was reversed, holding that for lack of being sworn the jury was illegal and the judgment void. Upon another trial and conviction this court held on appeal that jeopardy could not be interposed on behalf of Mr. Huey because the first trial was not had before a legal jury, and we quoted from Kemper v. United States, 195 U. S., 100, as follows: ''Undoubtedly, in those jurisdictions where a trial of one accused of crime can only

be by a jury, and a verdict of acquittal or conviction by a jury, no legal jeopardy can attach until a jury has been called and charged with the deliverance of the accused.'' It seems to us that there can be no dispute of the proposition that in Texas there can be no legal plea of jeopardy in a felony case till such case has in some sufficient way been committed to a jury of twelve men. The trial court has no power to make a final disposition of a felony case by his own act or motion. His dismissal of the case could not prevent a subsequent re-indictment and trial. An attempted judgment of conviction or acquittal entered by the court himself, could not be interposed or made the basis of a plea of jeopardy or former conviction or acquittal. Under all of our law and constitutional requirements, there can be no final disposition of a felony case by court proceeding except where its settlement has been legally placed in the hands of a jury. Under our Constitution a felony case can be tried before none other save a jury composed of twelve men. Sec. 13, Art. 5, Const. of Texas. Any number of jurors less or more than twelve cannot render a legal verdict in a felony case. Jones v. State, 52 Texas Crim. Rep., 303. In the instant case had the court proceeded at the June term to a judgment upon a verdict rendered by a jury upon which sat a citizen under indictment for a felony, this would have been but a verdict rendered by an illegal jury, and the accused could have had a new trial or a reversal for that reason.

The numerous authorities cited in the able brief for appellant but support and make clear his contention that the action of the trial court in the dismissal of the six jurors at the June term was erroneous. If we grant appellant's entire contention in that regard, what then? No jury, within any construction of that word supported by any authority known to us, was charged with his deliverance. Six men alone were impaneled. They could not render a verdict in a felony case. The jurors, in the capacity of a jury, were never impaneled. The plea of the State was not presented to said jury, nor was that of the appellant. No issue was joined between the State and the appellant before said jury. Appellant was never in jeopardy. This proposition seems to us to be so entirely beyond dispute as to need no further discussion.

Appellant contends that the judgment is manifestly against the weight of the evidence and that no verdict in this case can be supported for more than manslaughter. We are not inclined to agree with this contention. A statement of the facts will be found in our former opinion; see 88 Texas Crim. Rep., 256.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*