Tom Crow v. The State.

No. 6901.   Decided October 25, 1922.

**1.—Murder—Former Jeopardy—Jury and Jury Law.**

Appellant's contention that after one juror was selected and sworn to try the case jeopary attached and that the discharge of the juror Harper, after selecting six jurors, being unauthorized, appellant was then entitled to his deliverance, is untenable.   Following Steen v. State, 242 S. W. Rep., 1047.

**2.—Same—Petit Jury—Definition of—Jurisdiction—Acquittal—Jeopardy.**

The basic idea is that in Texas, since there is no jurisdiction to convict of a felony save through a jury, and since the Constitution declares that a jury, in a felony case, must be composed of 12 men, there is no jeopardy until there shall be organized a jury composed of that number, unless there be an acquittal.   Following Dunn v. State, 242 S. W. Rep., 1050.

Appeal from the District Court of Bexar.   Tried below before the Honorable W. S. Anderson.

Appeal from a conviction of murder; penalty, 25 years imprisonment in the penitentiary.

The opinion states the case.

*Joe H. H. Graham* and *Mauermann & Hair*, for appellant. On question of former jeopardy: Robinson v. State, 21 Texas Crim. App., 160; Foster v. State, 25 id., 543; Ellison v. State, 12 id., 557; Pizano v. State, 20 id., 139; Upchurch v. State, 36 Texas Crim. Rep., 624; Hipple v. State, 191 S. W. Rep., 1150; Bela v. State, 95 id., 529; Bland v. State, 59 id., 1119; Rudder v. State, 15 id., 717; Johnson v. State, 164 id., 833

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for murder; punishment fixed at confinement in the penitentiary for a period of twenty-five years.

At the inception of the trial, appellant interposed the plea of former acquittal based upon the following facts, namely: That on a previous trial of the case, after the appellant had been arraigned, the third juror selected was one Harper, a negro. There was no objection to his selection. Three additional jurors were subsequently selected, and all of the six were sworn to try the case. The trial judge, without the consent of the appellant, discharged the juror Harper, after which seven additional jurors were selected and sworn to try the case. The twelve jurors thus selected heard the indictment, plea of not guilty, the evidence and the charge, and rendered the verdict of conviction, assessing the death penalty. An appeal from this judgment resulted in its reversal because of the error of the trial court in discharging the juror Harper and proceeding in the manner stated. (See Crow v. State, 89 Texas Crim. Rep., 151.)

Appellant contends that after one juror was selected and sworn to try the case, jeopardy attached, and that the discharge of the juror Harper, being unauthorized, appellant was then entitled to his deliverance. This view of appellant is in conflict with the opinion of this court stated in the case of Steen v. State, 92 Texas Crim. Rep., 99, 242 S. W. Rep., 1047. The facts there reviewed were not materially variant from those now under consideration. Steen was charged with a capital offense, and after six jurors were selected, one of them was discharged by the court without the consent of Steen, the juror being disqualified. The panel was filled and the trial resulted in a conviction carrying the death penalty. On appeal the court reversed the judgment on other grounds. (See Steen v. State, 88 Texas Crim. Rep., 256, 225 S. W. Rep., 529.) At a subsequent trial, Steen interposed the plea of jeopardy based upon the facts mentioned, and this the court rejected. The trial resulted in a conviction, which was

sustained by this court, in the case of Steen v. State, 92 Texas Crim. Rep., 99, 242 S. W. Rep., 1047.

The principle controlling that decision and the authorities to which reference is made therein are conceived to be conclusive in the present case. The basic idea there expressed is that in Texas, since there is no jurisdiction to convict of a felony save through a jury (Huey v. State, 88 Texas Crim. Rep., 377), and since the Constitution declares that a jury in a felony case must be composed of twelve men, there is no jeopardy until there shall be organized a jury composed of that number. That is to say, the plea of jeopardy, in the absence of a verdict of acquittal by the jury, is not available where the jury, such as is described by the Constitution, has not been organized. A verdict of acquittal by an irregular jury would, by virtue of the statute, Article 572, Code, of Criminal Proceedure be available in bar of another prosecution for the same offense. In Steen's case, *supra,* the dismissal of one of the jurors and the filling of his place with another rendered the jury of twelve men thus impaneled so irregular that it would require a reversal of the judgment, based upon the verdict, upon the appeal of the accused. (See Dunn v. State, 92 Texas Crim. Rep., 126, 242 S. W. Rep., 1050.) Steen had, however, the chance of acquittal by the jury thus impaneled; so in the instant case, the appellant, Crow, had the chance of accuittal by a jury that was irregular on his former trial. Having failed to secure an acquittal, the judgment of conviction against him was set aside on his appeal. He was thus relieved against the adverse verdict by an irregular jury. There was no jeopardy until the jury of twelve men was impaneled and charged with the deliverance. The verdict against him would not operate as an acquittal.

Finding no error in the action of the court in overruling the plea of former acquittal, the judgment is affirmed.

*Affirmed.*

[Place under November, 1922. Reporter.]