PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. VÍCTOR A. CARBONELL, Defendant and Appellant.

No. 2842. Argued January 11, 1927.—Decided March 30, 1927.

*R. Rivera Zayas, Manuel A. Martínez* and *Pedro Baiges* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant has been twice convicted of manslaughter upon an information for murder. At the threshold of the first trial a challenge to the panel was overruled by the trial judge and for error in this regard the judgment was reversed on appeal. *People* v. *Carbonell*, 34 P.R.R. 457. Upon the second trial appellant pleaded the former conviction as an acquittal of the higher offense and as a bar to further prosecution under the charge of murder. The overruling of this plea is now assigned as error.

"A question that has given rise to two well defined rules is whether a conviction of a lower degree of a crime is a complete acquittal of the higher degrees in the sense of the 'twice in jeopardy' rule so that, if a new trial is granted, it must be limited to the lower degree of which the defendant was previously convicted. One line of authorities answers this question in the negative and holds that on the new trial the defendant may be tried again for the crime as charged in the indictment, and that he may be convicted of any degree of such crime just as if there had been no previous trial. The reasons given for this rule are that the defendant cannot voluntarily set aside the verdict and also hold to it. A verdict cannot at the same time be of force and not of force. The verdict of guilty is single. The defendant cannot divide it into that which pleases him and that which does not. The positive fact is the verdict of guilty of one offense; and the negative implication from that finding is not guilty of the other offense. It is not easy to see how the positive finding which furnishes the sole basis for the negative implication can be destroyed and set aside by the voluntary action of the accused, and yet leave the implication to stand alone without a basis. To sustain a plea of former acquittal, there must be a subsisting record of an acquittal; and if a verdict of guilty of a lesser offense operates as a record of acquittal of the greater, when it is set aside at the instance of the accused, it is certainly no longer a subsisting record of conviction. The courts holding this view do not agree that the defendant has the right to limit his waiver as to jeopardy when he appeals from a judgment against him. As the judgment stands before he appeals, it is a complete bar to any further prosecution for the offense set forth in the indictment, or for any lesser degree thereof. No power can wrest from him the right so to use that judgment, but if he chooses to appeal from it and to ask for its reversal he thereby waives, if successful, his right to avail himself of the former acquittal of the greater offense, contained in the judgment which he has himself procured to be reversed. The other rule is that a verdict of conviction of a lesser degree of a crime charged involves a complete acquittal of the higher degrees for all purposes, and that a new trial subsequently granted on motion of the defendant is not to be considered as a new trial for the greater offense of which he was acquitted, but must be confined to a retrial of the offense of which he was convicted. The theory of this is that the result of the verdict is the same as though the defendant had been tried on separate indictments charging the several crimes, or on an indictment containing counts separately charg-

ing the offenses. The real difference between the two rules is the extent of the waiver which the defendant makes by asking for and receiving a new trial. But even under this rule if the jury, in a murder case, where the indictment charges murder in the first degree, find the defendant guilty as charged, but fail to state the degree of murder, as required by the statute, and a new trial is granted, presumably because of such defect in the verdict, the defendant cannot maintain a plea of former jeopardy, on the ground that such verdict operated as an acquittal." 8 R. C. L. pages 161–162, section 153.

The doctrine heretofore obtaining in a numerical majority of American jurisdictions, and now invoked by appellant, has given rise to more or less embarrassing complications in certain cases and in recent years seems to be losing ground. In like proportion the logical and consistent view of the minority is receiving a somewhat wider recognition and after mature deliberation we are constrained to adopt it as the basis for a more practical, impartial and effective protection of the rights of society upon the one hand as well as the rights of the individual upon the other.

Among the cases considered in this connection (several of which are cited not as indicating the general trend of recent well considered opinions but rather as suggestive of the perplexing character and variety of questions, and consequent confusion of ideas, incidentally involved in the majority doctrine) are the following: *Trono* v. *United States,* 199 U. S. 521; *State* v. *Ash,* 122 Pac. 995; *Caliccat* v. *State,* 95 So. 318; *Jones* v. *State,* 109 So. 265; *People of the State of California* v. *Ham Tong,* 24 L.R.A. (N. S.) 481; *People* v. *Keefer,* 65 Cal. 132, 3 Pac. 818; *People* v. *Carty,* 19 Pac. 490; *I. A. Euey* v. *State of Texas.* 12 A.L.R. 1003.

The other questions sought to be raised, as presented in the brief for appellant and in so far as not already disposed of, do not demand serious consideration.

The judgment appealed from must be affirmed.

Mr. Justice Wolf concurred in the judgment.