EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* VÍCTOR A. CARBONELL, acusado y apelante.

No. 2842.—*Visto:* Enero 11, 1927. *Resuelto:* Marzo 30, 1927.

DERECHO PENAL—''FORMER JEOPARDY''—CONVICCIÓN POR UN GRADO MENOR DEL DELITO IMPUTADO EN LA ACUSACIÓN—REVOCACIÓN DE LA SENTENCIA Y CONCESIÓN DE NUEVO JUICIO—NUEVO PROCESO BAJO EL MISMO DELITO IMPUTADO EN LA ACUSACIÓN ORIGINAL.—Cuando convicto un acusado por un grado menor del delito imputádole y revocada la sentencia en apelación interpuesta por él se le concede un nuevo juicio, dicho acusado puede ser procesado por el delito según constaba originalmente en la acusación.

SENTENCIA de *Charles E. Foote,* J. (Mayagüez), condenando al acusado por delito de homicidio voluntario. *Confirmada.*

*R. Rivera Zayas, Manuel A. Martínez* y *Pedro Baigés,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El apelante ha sido convicto dos veces por el delito de homicidio voluntario, en virtud de acusación por el delito de asesinato. Al comenzar el primer juicio, el juez sentenciador declaró sin lugar una recusación al *panel* del jurado, y la sentencia fué revocada en apelación por haberse cometido error en cuanto a este respecto. *El Pueblo* v. *Carbo-*

*nell,* 34 D.P.R. 479.   En el segundo juicio, el apelante alegó la condena anterior como una absolución del delito mayor y como un impedimento para que se le procesara por el delito de asesinato.   Se señala ahora como error el haberse declarado sin lugar esta alegación.

"Una cuestión que ha dado lugar a dos reglas bien definidas es si una convicción por un grado menor de un delito equivale a una completa absolución por el delito mayor, dentro del significado de la regla que habla de haber sido el acusado expuesto por el mismo delito por dos veces, de suerte que si se concede un nuevo juicio, éste debe limitarse al grado menor del delito por el cual fué convicto anteriormente el acusado.   Una línea de autoridades contesta esta cuestión en forma negativa y sostiene que en el nuevo juicio el acusado puede ser procesado por el delito según constaba originalmente en la acusación y que puede ser convicto de cualquier grado de tal delito, igual que si no hubiese habido ningún juicio anterior.   Como fundamento para esta regla se dice que el acusado no puede voluntariamente rechazar el veredicto y a la vez acogerse a él.   Un veredicto no puede tener validez y dejar de tenerla al mismo tiempo. El veredicto de culpabilidad es único.   El acusado no puede dividirlo en lo que le conviene y en lo que no le favorece.   El hecho positivo es el veredicto de culpabilidad de un delito; y la deducción negativa de tal resolución no es la culpabilidad por otro delito.   No es fácil ver cómo la conclusión positiva de lo que sirve de base para la deducción negativa puede ser destruída por el acto voluntario del acusado, y sin embargo, dejar que tal deducción subsista por sí sola y sin fundamento alguno.   Para sostener una alegación de absolución anterior debe existir constancia de tal absolución; y si un veredicto absolutorio por un delito menor sirve de constancia para una absolución por el delito mayor, al ser desechado a instancia del acusado, dicho veredicto deja de ser una constancia de la convicción.   Las cortes que sostienen este punto de vista no están conformes con el hecho de que el acusado tiene derecho a limitar su renuncia en cuanto a la exposición anterior cuando apela de una sentencia dictada contra él.   Tal como subsiste la sentencia antes de apelar el acusado, ella impide enteramente que se le procese por el delito imputado en la acusación o por cualquier grado menor del delito.   No hay poder humano que pueda privarle del derecho de así valerse de esa sentencia; pero si decide apelar de ella y solicita su revocación, renuncia, al tener éxito, a su derecho de aprovecharse

de la absolución anterior por el delito mayor contenida en la sentencia que él mismo ha solicitado sea revocada. Según la otra regla, un veredicto condenatorio por un grado menor del delito implica una absolución completa por el grado mayor del delito para todos los fines, y que un nuevo juicio concedido posteriormente a petición del acusado no debe considerarse como un nuevo juicio por el delito mayor por el cual fué absuelto, sino que debe limitarse a un juicio de nuevo por el delito por el cual fué convicto el acusado. La teoría de esta regla es que el resultado del veredicto es como si el acusado hubiese sido juzgado por distintas acusaciones imputándole varios delitos o por una acusación conteniendo varios cargos e imputando los delitos separadamente. La verdadera diferencia existente entre las dos reglas es el límite de la renuncia hecha por el acusado al solicitar y concedérsele un nuevo juicio. Pero aún bajo esta regla, si el jurado en un caso de asesinato, en que la acusación imputa el delito de asesinato en primer grado, declara culpable al acusado, de acuerdo con la acusación, pero deja de especificar el grado del delito de asesinato, como lo exige la ley, y se le concede un nuevo juicio, probablemente por contener tal defecto el veredicto, el acusado no puede alegar que ha sido expuesto anteriormente, fundándose en que tal veredicto equivale a una absolución.'' 8 R. C.L. 161–162, sección 153.

La doctrina hasta ahora prevaleciente en la mayoría de las cortes americanas y que ahora invoca el apelante, ha dado lugar a complicaciones más o menos embarazosas en ciertos casos, y parece estar perdiendo terreno durante los últimos años. En igual proporción, el punto de vista lógico y consistente de la minoría está recibiendo una consideración algo más amplia, y después de una madura deliberación, nos vemos obligados a adoptarlo como la base para una más práctica, imparcial y efectiva protección de los derechos de la sociedad por una parte, así como de los derechos del individuo por la otra.

Entre los casos considerados con relación a este extremo, (varios de los cuales se citan no como que indican la tendencia general de opiniones recientes bien estudiadas, sino más bien como que sugieren el carácter perplejo y la variedad de las cuestiones y la consiguiente confusión de ideas, en-

vueltas incidentalmente por la doctrina de la mayoría), se encuentran los siguientes: *Trono v. United States,* 199 U. S. 521; *State v. Ash,* 122 Pac. 995; *Calicoat v. State,* 95 So. 318; *Jones v. State,* 109 So. 265; *People of the State of California v. Ham Tong,* 24 L.R.A. (N. S.) 481; *People v. Keefer,* 65 Cal. 132, 3 Pac. 818; *People v. Carty,* 19 Pac. 490; *I. A. Huey v. State of Texas,* 12 A.L.R. 1003.

Las otras cuestiones que se tratan de levantar, según han sido presentadas en el alegato del apelante, y que no han sido resueltas en esta opinión, no requieren seria consideración.

*Debe confirmarse la sentencia apelada.*[1]

El Juez Asociado Sr. Wolf firmó conforme con la sentencia.

---

[1] Véase la resolución sobre reconsideración de fecha mayo 17, 1927.