[Crim. No. 1647. Third Appellate District.—November 9, 1938.]

In the Matter of the Application of PAT MOORE et al., for a Writ of Habeas Corpus.

James F. Gaffney for Petitioners.

U. S. Webb, Attorney-General, and Gordon S. Hughes, Deputy Attorney-General, for Respondents.

STEEL, J., *pro tem.*—The petitioners herein allege in substance the following facts:

That after trial had before a jury upon an information charging them with a felony, to wit: burglary, a verdict of guilty was returned fixing the degree as that of burglary of the second degree. That thereafter a motion for a new trial was made by the petitioners, which motion was granted. A new trial was had before a jury upon the same information, resulting in the return of a verdict finding the defendants (petitioners herein), guilty, and fixing the degree as that of burglary of the first degree. Pursuant to judgment entered upon said last-mentioned verdict, the petitioners were committed to Folsom state prison.

Petitioners contend that the judgment is void "for the reason that at said second trial said defendants were not on trial on the charge of burglary in the first degree, but were then on trial only on the charge of burglary in the second degree; that at the first trial of said defendants they were acquitted of said burglary charge in the first degree; that by reason of having been placed in jeopardy at their said first trial on the said first degree burglary charge, said defendants were not, and could not have again been legally tried upon the charge of said first degree burglary;"

The question presented, therefore, is whether first degree burglary and second degree burglary are two separate and distinct offenses or one offense with two degrees provided for the purpose of fixing the penalty or punishment only.

The information charged the defendants with the crime of felony, to wit: burglary; and upon each trial they were tried upon the same information, and for the same offense. They were not acquitted of burglary at the first trial, but were found guilty thereof, the jury fixing the degree as that of second degree burglary.

It is unquestionably the rule, as contended by petitioners, that when a statute permits the conviction of a lower offense

necessarily included in a higher one, a conviction of such lesser included offense is an acquittal of the higher, and there cannot be another trial for the higher offense.

However, there is a distinction to be made between a lower offense which is embraced in the charge contained in the information, and but one offense contained therein which is simply divided into degrees.

In the case of the *People* v. *Gordon,* 99 Cal. 227 [33 Pac. 901], cited by petitioners, the defendant was charged with the crime of assault with intent to commit murder, and upon trial, was found guilty of an assault with a deadly weapon. Upon a retrial, the defendant interposed the additional pleas of "once in jeopardy" and "former acquittal", and the court instructed the jury to find against the defendant upon these pleas, which instruction was followed. In passing upon the question the Supreme Court says: "The appellant contends that the court erred in instructing the jury to find against him on his pleas of former acquittal and once in jeopardy, and this contention, we think, must be sustained. Section 1159 of the Penal Code provides: 'The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense.' It is settled law in this State that the offense of assault with a deadly weapon is necessarily included in that of assault with intent to commit murder, and that, under an indictment or information charging the greater offense to have been committed with a deadly weapon, the defendant may be found guilty of the lesser." (Citing cases.)

Again, the court referring to the early case of *People* v. *Keefer,* 65 Cal. 232 [3 Pac. 818], says: "The defendant was indicted for the crime of murder, and convicted of murder in the second degree. On his motion a new trial was granted. At the second trial his counsel requested the court to instruct the jury that: 'Defendant, having been previously tried on this indictment and found guilty of murder in the second degree, he cannot now be convicted of murder in the first degree.'" The instruction was refused, and on appeal, the refusal was held to be proper. This was based upon the fact that there is but one crime of murder, which is the unlawful killing of a human being with malice aforethought. The court said: "The indictment charges the crime of murder,

and the defendant was not acquitted of murder by the first verdict. In dividing the crime of murder into two degrees the legislature recognized the fact that some murders, comprehended within the same general definition, are of a less cruel and aggravated character than others, and deserving of less punishment. It did not attempt to define the crime of murder anew, but only to draw certain lines of distinction by reference to which the jury might determine, in a particular case, whether the crime deserved the extreme penalty of the law or a less severe punishment.'' It was accordingly held that the defendant had subjected himself to a retrial on the charge of murder, and that on such retrial he might be found guilty of murder in the first degree if the evidence would warrant such a verdict. That case is not in point here, for the reason that an assault with intent to commit murder, and an assault with a deadly weapon, are not the same offenses, but are different offenses. (Pen. Code, secs. 217, 245.)

While the foregoing authorities deal with offenses other than burglary, the reasoning therein contained, and the law as stated, is applicable in principle to the facts involved in the instant proceeding.

As we have heretofore pointed out, the information charged one offense, burglary, and upon the first trial one verdict was returned finding the defendants guilty, and fixing the degree as that of second degree burglary. Upon motion of the defendants this finding of the main facts was set aside and a new trial granted, the result of which necessarily included an examination *de novo* of the circumstances incident to the offense charged. ■ It does not appear that the defendant entered a plea of former jeopardy as to the first degree of burglary after a new trial was granted from the verdict and judgment finding him guilty of burglary of the second degree only. This rule is well established that a special plea of ''once in jeopardy'' may be waived by failure to interpose it. The petitioner's failure to plead once in jeopardy or former acquittal of the higher degree of burglary, furnishes another reason why the writ should be denied. (7 Cal. Jur. 995, sec. 132; vol. 4, Ten-year Supp., p. 526, sec. 132; *People* v. *Solani,* 6 Cal. App. 103 [91 Pac. 654]; *People* v. *Fry,* 137 Cal. App. 525, 532 [31 Pac. (2d) 204].)

We are of the opinion that the obvious result of granting the defendants' motion for a new trial was to set aside the

whole verdict, and in so doing, it is not *res judicata* as to any portion thereof, nor can it operate as an acquittal or bar to the further prosecution of any part of the single offense charged, to wit: burglary.

The petition will, therefore, be denied; the writ discharged; and the petitioners remanded.

It is so ordered.

Pullen, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 23, 1938.